[Civ. No. 9261.    Third Dist.    Mar. 13, 1958.]

Estate of RUTH SANFORD HUDSON, Deceased. LAUREL F. STEED, Respondent, v. KENNETH F. HUDSON, Appellant.

Files & McMurchie for Appellant.

Ralph V. Devoto for Respondent.

VAN DYKE, P. J.—This is an appeal from a decree determining heirship in the estate of Ruth Sanford Hudson, deceased.

It was stipulated and found by the trial court as follows: That Ruth and Frank Hudson died in a common accident and that there was no sufficient evidence that they died other-

wise than simultaneously; that Ruth left a last will and testament bequeathing all of her estate to Frank; that the will contained no disposition of her estate in the event that Frank should predecease her and that, therefore, Ruth died intestate; that appellant herein, Kenneth F. Hudson, was the only child of Frank; that Ruth left no issue; that Ruth's sister, respondent herein, and three nieces were her heirs; that all property, both real and personal, owned by Ruth and Frank, or either of them, at the time of their deaths was community property, excepting some items of personal property separately owned by Ruth.

Ruth was the insured and Frank was the beneficiary in three policies of life insurance, the proceeds of which were paid into the estate of Ruth. The trial court distributed the money to the sister and nieces of Ruth. Under applicable code sections the money should have been distributed to appellant. (*Estate of Wedemeyer,* 109 Cal.App.2d 67 [240 P.2d 8].) Section 296.3 of the Probate Code, being one of the sections in the Uniform Simultaneous Death Act as now codified (Prob. Code, §§ 296-296.8), declares that: "Where the insured and the beneficiary in a policy of life or accident insurance have died and there is no sufficient evidence that they have died otherwise than simultaneously the proceeds of the policy shall be distributed as if the insured had survived the beneficiary." Therefore, it must be taken that Ruth survived Frank. The choses in action represented by the policy belonged to the community during the life of Ruth and Frank and upon the assumed prior death of Frank, Ruth took them under section 201 of the Probate Code, which provides that: "Upon the death of either husband or wife, one-half of the community property belongs to the surviving spouse; the other half is subject to the testamentary disposition of the decedent, and in the absence thereof goes to the surviving spouse, . . ." But section 228 of the Probate Code, which becomes applicable herein under the ruling in the Wedemeyer case, provides:"If the decedent leaves neither spouse nor issue, and the estate, or any portion thereof was community property of the decedent and a previously deceased spouse, and belonged or went to the decedent by virtue of its community character on the death of such spouse, . . . such property goes in equal shares to the children of the deceased spouse . . . ." It was therefore error to distribute any part of the proceeds of the three policies to the collateral heirs of Ruth. The distribution should have been made wholly to Kenneth, sole issue of Frank.

■ Although certain parcels of real property were held in joint tenancy form it was stipulated and found that they were in fact community property. Therefore Probate Code, section 296.4, governs the devolution of the property so held along with all the other community property. That section reads as follows: "Where a husband and wife have died, leaving community property and there is no sufficient evidence that they have died otherwise than simultaneously, one-half of all the community property shall be administered upon, distributed, or otherwise dealt with, as if the husband had survived and as if said one-half were his separate property and the other one-half thereof shall be administered upon, distributed, or otherwise dealt with, as if the wife had survived and as if said other one-half were her separate property, except as provided in Section 296.3." With respect to the community property other than the three life insurance policies a one-half interest was inventoried in the estate of Ruth. All the community property so inventoried was distributed to the collateral heirs of Ruth. This was error.

■ In the *Estate of Wedemeyer, supra,* it was held that when the spouses died under circumstances making applicable the Uniform Simultaneous Death Act, the one-half to be distributed under section 296.4 out of each estate must be distributed as if the other spouse died first and must be ultimately distributed under section 228, if the facts make that section applicable. Therefore, under the rule in the *Estate of Wedemeyer,* and in view of the fact that Frank left issue and Ruth left none, the community property inventoried in Ruth's estate ought to have been distributed to Kenneth, the son of Frank.

Respondent contends, and it was evidently the view of the trial court, that because of certain amendments made to section 296.4, after the decision in *Estate of Wedemeyer, supra,* the rule announced and followed in that case with regard to the ultimate distribution of community property no longer applies. We shall quote the section as amended, with the amendments italicized:

"Where a husband and a wife have died, leaving community property and there is no sufficient evidence that they have died otherwise than simultaneously, one-half of all of the community property shall be *administered upon,* distributed, *or otherwise dealt with,* as if the husband had survived and *as if said one-half were his separate property* and the other one-half thereof shall be administered upon, distributed, *or otherwise*

*dealt with,* as if the wife had survived and *as if said other one-half were her separate property,* except as provided in Section 296.3.''

■ Concerning these changes in section 296.4 appellant places emphasis upon the added words ''as if said other one-half were her [his] separate property.'' We cannot attach the meaning to the added words which respondent ascribes to them. When the community is dissolved by death, the community status of the property disappears with the community and the title cast upon the surviving spouse is that of separate property. ■ We do not agree with the statement in *Estate of Wedemeyer, supra,* to the general effect that the Uniform Simultaneous Death Act provisions are not statutes of succession. We think they are. But though they are statutes of succession that does not mean that in a proper case the ultimate disposition under them may not be affected and changed by the provisions of the older statutes of succession, such as, in respect of community property devolution, section 228 of the Probate Code. ■ Section 296.4 in respect to one-half of the community property assumes the survival of the husband and as to the other half assumes the survival of the wife and casts title on the husband and wife in accordance with those assumptions. The title so cast is to be dealt with as if it were the separate property of the assumed survivor. However, that affords no reason for a holding that section 228 of the Probate Code does not then become applicable. That section recognizes the separate nature of the title cast by death, considers the source of that title and declares succession accordingly. The result is that, notwithstanding the additional language put into section 296.4 by the amendment of 1951, the ultimate devolution of title in a proper case is governed by section 228. (*Estate of Wedemeyer, supra.*)

■ Respondent, seeking to uphold the decree, attaches much significance to the fact that the trial court in the special proceeding afforded by sections 296.41 and 296.42 made a finding based upon a stipulation of facts that the deaths were in this case simultaneous. From that premise he argues that, having died simultaneously, the provisions of sections 296.3 and 296.4 have really no application because if the spouses died simultaneously, neither surviving the other, then neither could inherit from the other; no property, therefore, would have passed to Ruth under section 201 of the Probate Code, with the result that section 228 of that code could have no application. These arguments mistake the purpose and

the scope of the procedural sections. Section 296.41 provides in part that:

"When it is claimed that, in accordance with the provisions of this chapter, any persons have died under circumstances where there is no sufficient evidence that they have died otherwise than simultaneously, the executor or administrator of any such person may file a petition, in the proceeding where he received his appointment, seeking to have it determined that such persons died under circumstances where there is no sufficient evidence that they died otherwise than simultaneously."

The section provides for notice and hearing; and section 296.42 provides:

". . . [I]f, after a full hearing, the court is satisfied that the named persons are dead and that there is no sufficient evidence that they died other than simultaneously, it shall make an order to that effect. If the court is satisfied that the named persons are dead and that they did not die simultaneously then the court shall make an order setting forth the order in which such persons died."

The purpose and the whole scope of the procedural section is to determine when the other provisions of the Uniform Simultaneous Death Act apply. Those proceedings apply when people have died under such circumstances that there is no sufficient evidence that they died *other than simultaneously*. Therefore the court, responsive to the petition, can determine whether such circumstances existed and having so determined may make its decree accordingly. In this case it did so decree. The added portion of the decree that they in fact died simultaneously is outside the issues tendered and beyond the scope and the intent of the statute. It does not prevent the full application of the dispositive sections of the act.

The decree, insofar as it distributes to the collateral heirs of Ruth the proceeds of the life insurance policies and the community property which the spouses possessed, is reversed with instructions to the trial court to enter a decree distributing the same to appellant herein. In all other respects the decree is affirmed.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied April 9, 1958, and respondent's petition for a hearing by the Supreme Court was denied May 7, 1958.