[Civ. No. 32844.   Second Dist., Div. One.   Nov. 22, 1968.]

Estate of ARTHUR TETSU SUGINO, Deceased. CHICA SUGINO, Objector and Appellant, v. HOUSTON I. FLOURNOY, as State Controller, Contestant and Respondent.

[Civ. No. 32845.   Second Dist., Div. One.   Nov. 22, 1968.]

Estate of RUTH AIKO SUGINO, Deceased. HATSUYE UYEDA KOIKE, Objector and Appellant, v. HOUSTON I. FLOURNOY, as State Controller, Contestant and Respondent.

(Consolidated Appeals.)

Robert L. Meyer and Anthony Case for Objectors and Appellants.

J. D. Lear, Walter H. Miller and James F. Rogers for Contestant and Respondent.

LILLIE, J.—Separate orders were made which determined heirship in the above entitled estates; since the issue in each instance is identical, and at appellants' request, the two mat-

ters have been consolidated for determination here. Both decedents (as well as their four children) having been simultaneously killed in an airplane accident, and dying intestate, the question is whether under the Uniform Simultaneous Death Act (Prob. Code, § 296 et seq.) distribution of the two estates, consisting of the proceeds of insurance policies on the husband's life, purchased with community funds and payable to his estate, should ultimately be made pursuant to Probate Code section 225 (as claimed by the appellant-administrators) or section 228 of the same code. The probate court found that the latter section governed. It accordingly ordered that one-half of the husband's estate be distributed to his mother and one-half to his wife's mother; a similar order was made with respect to the wife's estate.

The appeals are from those portions of the orders which determine that each mother is the heir of one-half of the estate of her deceased son-in-law or daughter-in-law, as the case may be; it is contended (applying section 225) that each mother is the sole heir of her deceased child, which classification would assertedly decrease the inheritance taxes by them payable in the estimated sum of $13,500.

The Uniform Act, *supra,* was adopted in 1945 to provide a more realistic answer to the problem of who died first in a common accident. (Former section 1963, subdivision (40), Code of Civil Procedure, declared that if both victims be over 15 and under 60, and the sexes be different, the male was presumed to have survived; if the sexes be the same, then the older.) Involved here are sections 296.3 and 296.4:

Section 296.3: "Where the insured and the beneficiary in a policy of life or accident insurance have died and there is no sufficient evidence that they have died otherwise than simultaneously the proceeds of the policy shall be distributed as if the insured had survived the beneficiary."

Section 296.4: "Where a husband and wife have died, leaving community property and there is no sufficient evidence that they have died otherwise than simultaneously. one-half of all the community property shall be administered upon, distributed, or otherwise dealt with, as if the husband had survived and as if said one-half were his separate property and the other one-half thereof shall be administered upon, distributed, or otherwise dealt with, as if the wife had survived and as if said other one-half were her separate property, except as provided in Section 296.3."

Pursuant to section 296.4 one-half of the husband's estate, including the insurance proceeds, were inventoried in his

estate; similar action was taken with respect to the estate of his wife. As noted above, the problem is the determination of the specific statute which governs the distribution of such assets after they have been so administered. Section 225, relating to separate property, provides that if a decedent leaves neither spouse nor issue, his entire estate goes to his parents or, if one is dead, to the survivor. On the other hand, section 228, relating to community property, provides that if a decedent leaves neither spouse nor issue, one-half goes to the parents (or brothers and sisters) of the predeceased spouse, and the other half to the parents (or brothers and sisters) of the decedent. The purpose of section 228 was to prevent all of the property in which one spouse had an interest from passing to or through the parents of the other spouse by the laws of succession solely because one spouse survived the other; this, upon the theory that while "the separate property of a predeceased spouse should go back in its entirety to the relatives of said predeceased spouse, . . . the community property of the spouses should be shared equally by the relatives of the predeceased spouse and the relatives of the surviving spouse since both spouses are deemed to have contributed equally to its acquisition. . . ." (*Estate of Rattray,* 13 Cal.2d 702, 713 [91 P.2d 1042].)

Appellants' argument is in the main as follows: First, since section 296.4 expressly provides that the property in question "shall be distributed" to each estate "as if said one-half were his [or her] separate property," the plain meaning of such terminology should not be ignored, particularly since in each instance the ultimate heir is the same person; second, section 296.4 having been amended since the enactment of section 228 and including provisions more specific in nature, it should prevail over the earlier statute which deals generally with intestate succession of community property; third, since section 228 provides that the decedent's estate must consist of the community property of the decedent and a previously deceased spouse, it is here inapplicable because there were simultaneous deaths and, therefore, no property of a previously deceased spouse available for distribution; and fourth, since a separate inventory was filed for each estate, no part of either estate was received from the other spouse or "belonged or went to the decedent by virtue of its community character . . ." as provided in section 228. Despite an earnest and rather extensive effort by appellants to establish certain distinctions assertedly present in their case, the several points

urged above have previously been rejected in *Estate of Wedemeyer,* 109 Cal.App.2d 67 [240 P.2d 8], and *Estate of Hudson,* 158 Cal.App.2d 385 [322 P.2d 987] (hearing denied by the Supreme Court in both matters).

In *Wedemeyer,* as in the instant case, a husband and wife were killed in an airplane accident leaving neither a will nor issue. There were four insurance policies on the husband's life purchased with community funds; one named no beneficiary, the proceeds (as here) being payable to the husband's estate, while the other three designated the wife as beneficiary. With respect to these latter three policies, the court held that section 296.3 applied: "At the death of the wife, which is considered according to section 296.3 to have preceded that of the husband, the husband took the choses in action under section 201, Probate Code [providing that if one spouse dies intestate without exercising the right to dispose of one-half of the community property by will, all goes to the surviving spouse]. At his death, which is considered to have occurred subsequently, the proceeds of the policies which took the place of the choses in action had to be distributed in his estate in accordance with section 228, *supra,* because they had been community property of the husband and his wife who is considered to have predeceased him and they went to him by virtue of the community character on the presumed prior death of the wife." (P. 71.) Appellants here make the same argument as was made in *Wedemeyer,* at least the dissent in that case so indicates; thus, it was there apparently contended that the proceeds of the three policies should be distributed to the husband's heirs alone as his sole and separate property under section 225. The court held, however, that neither section 296.3 nor 296.4 impliedly repealed the statutes of succession enacted earlier; their purpose, according to the court, was to establish the sequence of death for the purpose of distribution, and not to designate the persons who should succeed. Specifically, and as if in anticipation of the first of the several contentions now made by appellants, "The person or persons who are to succeed are not designated in these sections and must be found in the other sections cited [§§ 201, 228]." (P. 71.) As pointed out in 25 So.Cal.L.Rev. 466 (approving the majority view) while sections 296.3 and 296.4 use the phrase ". . . shall be distributed . . ." it does not follow that such language per se makes them separate laws of succession: ". . . it should be noted that they do not make any express provisions for distribution, whereas the previ-

ously-existing statutes provided for all permutations and combinations of wills, intestacy, issue and heirs." (P. 467.)

With respect to the fourth *Wedemeyer* policy, the provisions for payment of which are the same as those in our case, it was there held that section 296.4 governed: "In accordance with that section the half of the chose in action which is distributed as if the wife died first goes at her death to the husband under section 201 Probate Code. . . . Conversely, the proceeds of the half which is to be distributed as if the husband died first goes to the wife under section 201, Probate Code, at the time of her husband's death and at her death, which is considered subsequent, is distributed in accordance with section 228, Probate Code." (P. 72.) Of special significance here is that the above distribution was ordered even though the ultimate heirs would have been the same whether they took under section 225, as urged by appellants, or under section 228; and in 25 So.Cal.L.Rev. 466, 467, *supra,* it is rather prophetically pointed out that "the short-hand method of distribution permitted here will affect the fees payable from the husband's estate and (perhaps) the estate and inheritance tax consequences." (P. 467, fn. 6.) (The same article also effectively answers the dissent's argument based on the exception clause in section 296.4 ["except as provided in section 296.3"], that the majority view makes such exception a nullity and that, to the contrary, the Legislature thereby intended to change the laws of succession, repealing section 228 with respect to insurance policies.)

In *Estate of Hudson, supra,* 158 Cal.App.2d 385, the husband and wife likewise died in a common accident; too, they both died intestate and there were insurance policies purchased with community funds—the husband being the beneficiary and the wife the insured. Reversing the lower court, and adhering to the determinations reached in *Wedemeyer,* it was held that the entire proceeds of the policies on the wife's life (she having been deemed to have survived the husband under section 296.3) should have been paid to her estate under that section and then ultimately distributed to the husband's sole heir, his son, and not to the wife's collateral relatives, under section 228 which contains the additional provision that "such property goes in equal shares to the children of the deceased spouse. . . ." *Hudson* also answers appellants' claim (previously noted) that section 296.4, as a later statute and using the word "separate," should prevail over section 228, as well as the further contention (at least indirectly)

that since both spouses died simultaneously, there was no distributable property of a previously deceased spouse. As to this latter claim, the wife's heirs contended in *Hudson* that since the court had found the deaths to be simultaneous, "the provisions of sections 296.3 and 296.4 have really no application because if the spouses died simultaneously, neither surviving the other, then neither could inherit from the other; no property, therefore, would have passed to [the wife] under section 201 of the Probate Code, with the result that section 228 of that code could have no application." (P. 389.) To this, the court replied: "These arguments mistake the purpose and the scope of the procedural sections [of the Act]" which are thereinafter quoted and discussed. (Pp. 389-390.) As to the former claim (the subsequent enactment of section 296.4 in amended form), the court had this to say: "Concerning these changes in section 296.4 appellant places emphasis upon the added words 'as if said other one-half were her [his] separate property.' We cannot attach the meaning to the added words which respondent ascribes to them. When the community is dissolved by death, the community status of the property disappears with the community and the title cast upon the surviving spouse is that of separate property. . . . Section 296.4 in respect to one-half of the community property assumes the survival of the husband and as to the other half assumes the survival of the wife and casts title on the husband and wife in accordance with those assumptions. The title so cast is to be dealt with as if it were the separate property of the assumed survivor. However, that affords no reason for a holding that section 228 of the Probate Code does not then become applicable. That section recognizes the separate nature of the title cast by death, considers the source of that title and declares succession accordingly. The result is that, notwithstanding the additional language put into section 296.4 by the amendment of 1951, the ultimate devolution of title in a proper case is governed by section 228. (*Estate of Wedemeyer, supra.*)" (P. 389.)

In view of the reasoning of *Wedemeyer,* as well as *Hudson,* there is no merit to appellants' final point that separate inventories were filed in each estate and, therefore, it cannot be said that no part of either estate *went* to the particular spouse. *Wedemeyer* holds that in accordance with section 296.4, "the half of the chose in action which is distributed as if the wife died first goes at her death to the husband under section 201, Probate Code" (p. 72) and eventually is distrib-

uted pursuant to section 228. The same disposition, conversely, is made with respect to the proceeds as if the husband died first.

While appellants' opening brief mentions the fact that distribution under section 228 would increase the total inheritance tax by approximately $13,500, the point is not pursued any further. Notwithstanding appellants' failure in such regard, the Controller cites a regulation to the effect that "Any relative of a predeceased spouse of a decedent who, pursuant to Section 228 . . . of the Probate Code, succeeds to any property of the decedent which previously had been the community property of the decedent and the predeceased spouse . . . is a Class D transferee, unless his relationship to the decedent places him in a prior class." (Cal. Admin. Code, tit. 18, reg. 13310.) Apparently the above regulation is based on *Estate of Marshall*, 42 Cal.App. 683 [184 P. 43], where it was held that a person taking under former subdivision 8, section 1386, Civil Code (now sections 228 and 229, Probate Code) does so as a stranger. Absent any meritorious challenge to such classification, and as urged by the Controller, the tax increase resulting therefrom is not sufficient reason to distinguish this case from either *Wedemeyer* or *Hudson*.

Those portions of the orders appealed from are affirmed.

Wood, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied December 16, 1968, and appellants' petition for a hearing by the Supreme Court was denied January 15, 1969.