UNITED STATES of America,
Plaintiff–Appellee,

v.

Dorothy SILVERMAN, Administratrix,
Estate of Fred R. Silverman,
Deceased, Defendant–Appellant.

No. 82–6106.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 7, 1987.

Decided Oct. 13, 1988.

A.V. Falcone, Los Angeles, Cal., for defendant-appellant.

Roger M. Olsen, Acting Asst. Atty. Gen. Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Michael L. Paup, William S. Estabrook, Martha Brissette, Attorneys, Tax Div., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before ALARCON * and POOLE, Circuit Judges and SCHWARZER, District Judge.**

PER CURIAM:

This is the second appeal arising out of the government's efforts to collect the unpaid balance of an assessment of federal estate taxes against the estate of Fred R. Silverman, who died in 1963. In the prior appeal, we held that 26 U.S.C. § 6503(b) suspended the running of the statute of limitations so long as all or substantially all of the assets of the decedent were subject to the control or custody of the probate court. *United States v. Silverman*, 621

---

* Judge Alarcon was drawn to replace Judge Kennedy. He has read the briefs, reviewed the record and listened to the tape of oral argument held on January 7, 1987.

** Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

F.2d 961, 963 (9th Cir.1980), *cert. denied*, 450 U.S. 913, 101 S.Ct. 1353, 67 L.Ed.2d 337 (1981) (*Silverman I*).[1] On remand, the district court found that the assets of the decedent remained subject to the control of the probate court and entered judgment in favor of the government. We affirm.

## DISCUSSION

The district court's finding that the assets of the estate were subject to the control of the probate court, in this case the Los Angeles County Superior Court, is amply supported by the record. The record shows that the estate was admitted to probate on Sept. 26, 1963. Since that time, the Superior Court has issued numerous orders disbursing funds for various expenses, including funeral expenses, executor commissions and a family allowance. Further evidence of the court's control is the fact that the cash and bank securities comprising the estate were deposited in a bank account pursuant to section 541.1 of the California Probate Code, in order to permit Mrs. Silverman to qualify as administratrix without bond. Assets deposited under this section are subject to the express condition that "such money or securities will not be withdrawn except on authorization of the court." Cal.Prob.Code § 541.1 (West Supp. 1988) (superseded July 1, 1988). Finally, the Superior Court's records show that it retains jurisdiction over the estate and its assets.

However, we recognized in *Silverman I* that the statute of limitations should not be suspended if there were substantial assets against which the government could have levied during the period of limitations:

The suspension should not exist when the bar to levy is insubstantial, however.... The presence of assets of the decedent, substantial in value in relation to the total value of the decedent's estate, not subject to the custody and control of the probate court precludes suspension of the running of the [limitations] period.

621 F.2d at 967. Accordingly, after argument on this appeal we ordered a limited remand for further findings as to whether substantial assets became available for levy more than six years prior to the commencement of this action.

Pursuant to our limited remand, the district court found that approximately $32,250 was disbursed between 1963 and 1969, and that this value was insubstantial in relation to the total value of the decedent's estate (approximately $450,000). This finding is supported by the record and is not clearly erroneous. The district court also found that in 1969 the Superior Court distributed to Dorothy Silverman one-half of the cash and securities in the estate account, which constituted her share of the Silvermans' community property. These assets, however, were not subject to levy. Although the entire community property was subject to administration by the probate court, see Cal.Prob.Code § 202 (West 1956) (repealed 1974), the surviving spouse's share of community property is excluded from the gross estate and thereby from the taxable estate. *Ahmanson Foundation v. United States*, 674 F.2d 761, 773 (9th Cir.1981). Since Mrs. Silverman's share was not part of the taxable estate, it was not liable for any portion of the estate tax,[2] and it could not be levied against to satisfy the estate tax assess-

---

**1.** Counsel for the estate seems unwilling to concede that our earlier decision in this case is governing, but it is undisputably the law of the case. Under the "law of the case" doctrine, a court is generally precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case. *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988); *Kimball v. Callahan*, 590 F.2d 768, 771 (9th Cir.), *cert. denied*, 444 U.S. 826, 100 S.Ct. 49, 62 L.Ed.2d 33 (1979). This case does not fall within any of the established exceptions to the doctrine. *See Kimball*, 590 F.2d at 771–72. We therefore adhere to our prior ruling.

**2.** *See Estate of Cushing*, 113 Cal.App.2d 319, 328–32, 334, 248 P.2d 482 (1952) (widow's share of post–1927 community property may not be

ment.[3] Accordingly, we affirm the district court's finding that substantially all of the assets of the *decedent* were subject to the control or custody of the probate court during the relevant time period.

Appellant also contends that the district court abused its discretion in excluding various pieces of evidence and in its denial of appellant's post-trial motions, but counsel for the estate does not present a cogent or clear argument in this regard. We have reviewed the record and find no error. We also reject appellant's contention that the district court was unfair in the general conduct of the trial.

The judgment of the district court is AFFIRMED.

---

charged with any portion of the federal estate tax); *see also Estate of Resler,* 43 Cal.2d 726, 737, 278 P.2d 1 (1954) (same).

**3.** In determining what property may be levied upon under federal law, state law controls the nature of the legal interest which the taxpayer has in the property. *United States v. National Bank of Commerce,* 472 U.S. 713, 722, 105 S.Ct. 2919, 2925, 86 L.Ed.2d 565 (1985). Under California law, when the marital community is dissolved by death the community status of the

property disappears, and the surviving spouse takes his or her share of the property as separate property. *Estate of Hudson,* 158 Cal.App.2d 385, 389, 322 P.2d 987 (1958). Thus, upon death the deceased's estate no longer has a sufficient interest in the surviving spouse's share to support a federal levy. *Compare Babb v. Schmidt,* 496 F.2d 957 (9th Cir.1974) (in California, wife's share of community property is subject to federal levy to satisfy husband's prenuptial *income* tax liabilities).