**CREAM RECORDS, INC.,**
**Plaintiff–Appellant,**

v.

**JOSEPH SCHLITZ BREWING CO., and**
**Benton & Bowles, Inc.,**
**Defendants–Appellees.**

**No. 85–5986.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 12, 1988.

Decided Jan. 6, 1989.

Gerald B. Weiner, Los Angeles, Cal., for plaintiff-appellant.

Anthony Liebig, Los Angeles, Cal., for defendants-appellees.

Before NORRIS, HALL and KOZINSKI, Circuit Judges.

PER CURIAM:

■ Cream Records, Inc. appeals the district court's award of damages against Benton & Bowles, Inc. Cream contends that the district court's determination of the proportion of defendant's profits attributable to defendant's infringement of plaintiff's copyright was clearly erroneous. We review the district court's apportionment of profits for clear error. *See Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc.*, 772 F.2d 505, 518 (9th Cir.1985).

■ 1. Cream first contends that since Benton & Bowles failed to introduce evidence of costs and of profits not attributable to the infringement, the defendant's gross revenue from the commercial is the appropriate measure of profits. We agree. Under section 504(b) of the Copyright Act, 17 U.S.C. § 504(b) (1982), "the copyright owner is required to present proof only of the infringer's gross revenue, and the in-

fringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." Cream met its burden when it introduced evidence establishing that Benton & Bowles was paid $175,872.78 for producing the commercial; the defendant introduced no evidence of either its deductible expenses or the elements of profit attributable to factors other than the infringement. "If the infringing defendant does not meet its burden of proving costs, the gross figure stands as the defendant's profits." *Frank Music,* 772 F.2d at 514 (citing *Russell v. Price*, 612 F.2d 1123, 1130–31 (9th Cir.1979)), *cert. denied*, 446 U.S. 952, 100 S.Ct. 2919, 64 L.Ed.2d 809 (1980). Therefore, the correct base for calculating profits attributable to the infringement is $175,872.78.

■ 2. Cream next contends that the district court erred by awarding it only $1750, a mere one percent of Benton & Bowles' profits. Although the district court's grounds for apportioning damages are unclear,[1] its award of $1750 suggests that it found that the infringing material made a de minimis contribution to the commercial as a whole. The court may have based this conclusion on its earlier finding "that the infringement 'was minimal,' consisting principally of a ten-note ostinato, and that the infringing material did not add substantially to the value of the commercial." *Cream Records, Inc. v. Jos. Schlitz Brewing Co.*, 754 F.2d 826, 828 (9th Cir. 1985).

Having carefully reviewed the record, and having examined both the copyrighted material and the infringing commercial, we are unable to sustain the district court's judgment. While we approve the district court's earlier finding that "the infringement did not substantially add to the value of the commercial," *id.*, we think it clear that the amount it contributed was, nevertheless, more than de minimis. The one

---

1. Plaintiff also contends that the district court erred by failing to give a reasoned explanation of its apportionment of the defendant's profits. We are unable to consider Judge Gray's explanation, if one was in fact offered during the hearing, because the court reporter never filed a reporter's transcript and cannot be located. We therefore base our understanding of the district court proceedings on the parties' statements of proceedings filed pursuant to Federal Rule of Appellate Procedure 10(c).

percent award by the district court was therefore clearly erroneous.[2]

The award of profits is vacated; the case is remanded with instructions that the district court award Cream more than a de minimis portion of the $175,872.78 in profits that Benton & Bowles is deemed to have earned from the commercial.

CYNTHIA HOLCOMB HALL, Circuit Judge, dissenting:

The majority concludes that the district court committed clear error in awarding plaintiff $1,750.00 in profits attributable to defendant Benton & Bowles' copyright infringement. The court vacates the district court's apportionment and instructs the lower court to award plaintiff more than a de minimis portion of the $175,872.78 defendant earned from the commercial. But the court fails to acknowledge that this disposition is flatly contrary to the law of this case that "the infringement '*was minimal*,' consisting principally of a ten-note ostinato, and that the infringing material did not add substantially to the value of the commercial." *Cream Records, Inc. v. Jos. Schlitz Brewing Co.*, 754 F.2d 826, 828 (9th Cir.1985) (emphasis added).

"Under the 'law of the case' doctrine, a court is generally precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." *United States v. Silverman*, 859 F.2d 1352, 1353 n. 1 (9th Cir.1988). The majority does not so much as even mention this doctrine, nor does it attempt to explain why the district court committed clear error in awarding plaintiff one percent of

Benton & Bowles' profit where we earlier affirmed an award to plaintiff of only about three-fourths of one percent of defendant Schlitz' profit attributable to the infringing music.[1] We specifically concluded that this finding was "for the district court to make" and we found that the court's apportionment of Schlitz's profits did "not conflict with the general verdict." *Cream I,* 754 F.2d at 829.

In *Cream I,* we upheld the district court's conclusion that plaintiff was entitled only to one-tenth of one percent of Schlitz's profit. We remanded as to defendant Benton & Bowles, however, because the district court assumed that "the profits of the advertising company would be subsumed in the profits of the firm hiring it." *Cream I,* 754 F.2d at 829. While it was incumbent upon the lower court to determine Benton & Bowles' profits and apportion those attributable to the infringement, it would hardly have been appropriate for that court to reverse its earlier finding upheld on appeal that the infringement was minimal. The district court is to be commended for strictly following its mandate. Unfortunately the majority has chosen to dodge the law of this case. I dissent.

---

**2.** Our earlier affirmance of an award of one-tenth of one percent of defendant Schlitz's profits does not preclude us from finding the district court's apportionment of Benton & Bowles' profits clearly erroneous. That earlier apportionment was based on the total profits Schlitz earned from its nationwide sale of malt liquor, *Cream I,* 754 F.2d at 828; only a small fraction of those sales were attributable to the infringing commercial. Here, we are dealing with profits derived entirely from the infringing work.

**1.** Plaintiff had introduced unrebutted evidence that the infringing commercial constituted 13.7 percent of Schlitz's advertising budget for the year. Similarly, Cream introduced evidence that Schlitz's profit on malt liquor sales that

year was $4.876 million. Cream therefore contended that $668,012 of Schlitz's profit was attributable to the infringing commercial. The only issue subject to debate was the infringing music's relative contribution to the advertising power of the infringing commercial. Cream had argued that the infringing music was responsible for 10 percent of the commercial's sales impact. Our decision upholding the district court's award of $5,000 to Cream can only be understood as accepting the district court's contrary conclusion that the infringing music was responsible only for about three-fourths of one percent of the commercial's advertising power.