878 F.2d 138
 1989 Copr.L.Dec. P 26,436, 11 U.S.P.Q.2d 1307
 KONOR ENTERPRISES, INC., d/b/a American Publishers, A
California Corporation, Plaintiff-Appellant,
v.
EAGLE PUBLICATIONS, INC., A Virginia Corporation; Eagle
Publishing Company, A Virginia partnership, and its general
partners: George Hale, Merrit Lauderback, Marcia Jordan,
Anita Robertson, Print First, Inc., a Virginia Corporation,
Defendants-Appellees.
KONOR ENTERPRISES, INC., d/b/a American Publishers, A
California Corporation, Plaintiff-Appellee,
v.
EAGLE PUBLICATIONS, INC., A Virginia Corporation; Eagle
Publishing Company, A Virginia partnership, and its general
partners: George Hale, Merrit Lauderback, Marcia Jordan,
Anita Robertson, Print First, Inc., a Virginia Corporation,
Mrs. Merrit Lauderback, Defendants-Appellants.
 Nos. 88-3855, 88-3860.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 6, 1989.
Decided June 20, 1989.
 
 Leo Jon Perk, Newport News, Va., (Perk & Cottingham, on brief), for plaintiff-appellant.
 Steven Paul Letourneau, Louis B. Fine (John R. Lomax, Fine, Fine, Legum & Fine, P.A., Virginia Beach, Va., on brief), for defendants-appellees.
 Before PHILLIPS and CHAPMAN, Circuit Judges, and WILLIAMS, District Judge for the E.D. of Va., sitting by designation.
 CHAPMAN, Circuit Judge:
 
 
 1
 This case comes before us on cross-appeals of Konor Enterprises, Inc. and Eagle Publications, Inc. Konor contends that the district court improperly granted it only $1.00 in nominal damages for a copyright infringement by Eagle. Since Konor produced evidence on Eagle's gross revenues, Konor contends that the district court erred in not requiring Eagle to sustain its statutory burden and prove the element of profit it derived from non-infringement sources. Konor also challenges the district court's denial of a continuance it claims was necessitated by Eagle's abuse of discovery. Eagle cross-appeals the district court's findings of copyright infringement, Lanham Act violations, and abuse of discovery as well as the denial of its claims of malicious interference with contract and malicious abuse of process. We conclude that the court improperly determined the copyright damages, failing to observe Eagle's statutorily-imposed burden of proof on damages, and remand this issue for a new trial. We affirm all other rulings.
 
 I.
 
 2
 In March 1985 and again in September 1986, Konor, doing business as American Publishers, Inc., published a military telephone directory, compiling all the on-base telephone numbers for all the military bases located in the Tidewater, Virginia area. Notice of Konor's copyright was carried in both directories, even though Konor did not register the copyrights until February 1987. Konor distributed the directories free of charge, deriving all revenues from the sale of the directories' advertisement space to businesses specifically seeking military patronage.
 
 
 3
 After Konor published the 1986 directory, George Hale, Konor's Tidewater district manager, resigned and, shortly thereafter, formed Eagle with Mr. and Mrs. Merritt Lauderback. Eagle planned to publish a competing Tidewater military telephone directory in 1987, and Hale hired Anita Robertson and Marcia Jordan, both former Konor employees, to solicit advertisements for the new directory. While soliciting its advertisements, Eagle represented to 572 former Konor advertisers that Eagle was publishing the "third" or "next" edition of the military telephone directory and urged them to "again reserve your ad space." In addition, Eagle reproduced portions of Konor's publication, displaying the original copyrighted advertisements as samples.
 
 
 4
 In March 1987, Konor filed suit against Eagle, alleging copyright infringement, Lanham Act violations and RICO claims. Eagle counterclaimed, charging Konor with malicious abuse of process and malicious interference with contract. The district court enjoined Eagle from representing to advertisers that it was publishing the third edition of the military telephone directory. The court also ordered Eagle to submit letters, to be sent by the court to the 572 advertisers with whom Eagle had corresponded, clarifying the confusion caused by Eagle's previous representations. Soon after the 572 letters were mailed, both Eagle and Konor began flooding potential advertisers with calls and letters explaining their opinions of the situation.
 
 
 5
 During this time, the district court imposed sanctions on Eagle for abuse of discovery, finding that Eagle had failed to respond to Konor's discovery requests and generally resisted discovery at all stages. Most importantly, Eagle failed to produce all the correspondence between it and non-parties relating to Konor's directories as well as other correspondence, to which Eagle had access, between non-parties relating to Konor's publications. Several of these letters eventually made it into the record but only because of Konor's unilateral efforts.
 
 
 6
 The court presided over a bench trial in which it awarded Konor $1.00 in nominal damages for copyright infringement. The only infringement found was Eagle's reproduction of pages of Konor's copyrighted directory onto a post-card solicitation. In spite of finding a copyright infringement, the court concluded that the infringement was "so minimal that [Konor] would be entitled to nominal damages at best since [Eagle] could not have possibly gained any measurable commercial benefit as a result of the infringement."
 
 
 7
 The court also found a Lanham Act violation but ruled that Konor had failed to adequately establish its damages to any degree of certainty. However, the court awarded Konor $3,000.00 for the efforts it used to actually remedy the confusion. The court denied all other claims and counterclaims.
 
 II.
 
 8
 The first issue concerns the burden of proof as to copyright damages. The district court properly found a copyright infringement. Directories can receive copyright protection as a "compilation," as defined in 17 U.S.C. Sec. 101 (1982). Although facts contained in a telephone directory are not protected by the copyright laws, the directory itself is protected as a unique compilation of those facts. Kramer Mfg. Co. v. Andrews, 783 F.2d 421, 438-39 (4th Cir.1986); Southern Bell Tel. & Tel v. Associated Telephone Directory Publishers, 756 F.2d 801, 809 (11th Cir.1985); 1 M. Nimmer, Nimmer on Copyright, Sec. 2.04[B] at 2-41 to 2-42 n. 15.1 (1988). Moreover, it is not necessary that a publication have its copyright registered to be protected, so long as it carries proper notice of copyright. 17 U.S.C. Sec. 408(a). Therefore, since the district court determined that Konor's directories carried adequate notice of copyright and Eagle reproduced pages therefrom, the district court properly found a copyright infringement.
 
 
 9
 However, once there is a finding of copyright infringement and a demonstration by the plaintiff of the defendant's revenues, the burden shifts to the defendant to prove what portion of its revenue did not result from the infringement. Under 17 U.S.C. Sec. 504(b), a copyright owner is entitled to recover "any profits of the infringer that are attributable to the infringement and are not taken into account in computing actual damages." Moreover, that section explicitly allocates the burden as follows:
 
 
 10
 In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.
 
 
 11
 Id.
 
 
 12
 There are cases where it is clear that not all of the infringer's profits are attributable to the infringement and the above standard has not been strictly followed. See e.g., Cream Records, Inc. v. Jos. Schlitz Brewing Co., 754 F.2d 826 (9th Cir.1985) (where infringer was a large national corporation deriving revenue from many products and infringement occurred in advertisements for one product only, it would be unjust to award copyright owner all the infringer's profits even though the infringer "fail[ed] to establish with certainty the portion attributable to the non-infringing elements.") However, this is clearly not such a case. Eagle is not a corporation earning revenue from numerous sources. The only product of Eagle is its military telephone directory. It is plausible, absent proof to the contrary, that all profits were a direct result of its infringement of Konor's copyright. Accordingly, this is a case where the statute must be strictly followed. Although Eagle contends that the 572 letters, mailed by the court to the advertisers with whom Eagle had contact, corrected any damage resulting from the infringement, such mere allegations will not release Eagle from its burden. Konor has fulfilled its burden by demonstrating Eagle's revenues. The burden is now on Eagle to prove what portion of this income did not result from the infringement.
 
 
 13
 Therefore, the district court erroneously concluded that the copyright infringement was so minimal that Eagle could not have gained any measurable commercial benefit. Regardless of the magnitude of the infringement, it was nonetheless an infringement which shifted the burden of proof from Konor to Eagle under 17 U.S.C. Sec. 504(b) once Konor presented evidence on Eagle's gross revenues. Consequently, we must reverse the district court's award of $1.00 in nominal damages to Konor and remand the case for a new trial on damages.
 
 
 14
 At the new trial on damages, Eagle must be given an opportunity to show what portion of its income did not result from infringement, and which, if any, revenues were derived from non-infringing uses of the copyrighted material. As the court stated in Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 772 F.2d 505, 517 (9th Cir.1985), "A court may deny recovery of a defendant's profits if they are only remotely or speculatively attributable to the infringement." See also 3 M. Nimmer, supra, Sec. 14.03[A] at 14-22. However, "[w]hen an infringer's profits are attributable to factors in addition to use of a plaintiff's work, an apportionment of profits is proper," and "[t]he burden of proving apportionment, (i.e. the contribution to profits of elements other than the infringed property), is the defendant's." Frank Music Corp., 772 F.2d at 518. Accord Lottie Joplin Thomas Trust v. Crown Publishers, 592 F.2d 651, 657 (2d Cir.1978). Therefore, Eagle must be permitted to introduce evidence that its profits or some portion thereof were derived from non-infringing uses[1] of Konor's directories. But the burden remains on Eagle to prove what portion of its profits were attributable to any noninfringing uses.
 
 
 15
 Additionally, the district court is to consider the correspondence which Eagle withheld during the discovery process. The district court properly imposed discovery sanctions against Eagle for resisting discovery from the outset of the case. Eagle originally declined to respond to all discovery requests. Later, it had access to, but failed to produce, correspondence which Konor had requested. Konor was forced to obtain the correspondence through its own efforts. Such actions warranted the imposition of sanctions by the district court.
 
 
 16
 Finally, both Konor and Eagle present numerous other issues which we believe, after reviewing the record, the district court properly decided. Therefore, in light of the above, the case is affirmed in part, reversed in part and remanded with instructions to the district court to conduct a new trial on the issue of copyright damages.
 
 
 
 [1]
 The district court found that only the reproduction of a portion of a page from Konor's Directory on a postcard solicitation mailed to prospective advertisers was an infringement of plaintiff's copyright, and plaintiff did not appeal the denial of its other claims of copyright infringement