53 F.3d 342
 36 U.S.P.Q.2d 1060
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 The CAMBRIDGE INSTITUTE, INC., Plaintiff-Cross-Defendant-Appellee,
v.
The OXFORD GROUP, INC., Defendant-Appellant,
Norman P. Singer, Defendant-Cross-Claimant-Appellant.
 No. 94-4135.
 United States Court of Appeals, Tenth Circuit.
 May 8, 1995.
 
 Before HENRY, McKAY, and LOGAN, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff, The Cambridge Institute, Inc., brought this action for copyright infringement against defendants, The Oxford Group, Inc. and Norman P. Singer. Plaintiff alleged that defendants' brochure, "Environmental Law in Utah," was substantially similar to plaintiff's copyrighted brochure, "Environmental Law in Indiana." The district court granted plaintiff's motion for summary judgment on the issue of liability, finding substantial similarities between the course outlines of the two brochures. The court, sua sponte, awarded plaintiff damages in the amount of $465.00.
 
 
 3
 Plaintiff thereafter filed a motion to alter or amend the damages award, arguing that it was premature because neither party had moved for summary judgment on that issue and plaintiff had not discovered the extent of its damages. Plaintiff sought discovery on the damages issue and also asked for an award of statutory damages. The district court "grant[ed] the motion for the limited purpose of permitting plaintiff to conduct discovery in order to determine the extent of its actual damages." Appellant's App. at 39. After conducting discovery, plaintiff moved for summary judgment as to damages. The district court awarded plaintiff $7,085.00. Defendants now appeal.
 
 
 4
 On appeal, defendants (1) challenge the finding of liability for copyright infringement, (2) argue that the district court abused its discretion in reopening the damages issue, and (3) assert that the damages award was erroneous. We affirm in part, reverse in part, and remand for further proceedings.
 
 
 5
 Defendants first challenge their liability for copyright infringement, arguing that in finding substantial similarity between the course outlines of the two brochures, the district court failed to apply the idea/expression merger doctrine. We do not address this argument because it was not presented to the district court. Farmers Ins. Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989). Defendants raised the merger doctrine in connection with their argument that the musical motif in plaintiff's brochure was not covered by the copyright, but not with respect to the course outline.
 
 
 6
 Next, defendants challenge the district court's consideration of plaintiff's motion for summary judgment on damages. Essentially, they claim that the damages issue was settled by the district court's earlier order and plaintiff did not show sufficient reason for reconsideration. The district court's docket report shows that it did not enter judgment pursuant to Fed.R.Civ.P. 58, following the order granting summary judgment on the liability issue and awarding damages. That order, thus, was subject to revision at the district judge's discretion. Anderson v. Deere & Co., 852 F.2d 1244, 1246 (10th Cir.1988) ("It is within the District Judge's discretion to revise his interlocutory orders prior to entry of final judgment."). Plaintiff promptly requested the district court to reconsider the damages award and permit limited discovery. Given the circumstances, the court acted within its discretion in allowing plaintiff time for discovery and then entertaining its motion for summary judgment on the damages issue.
 
 
 7
 Finally, defendants challenge the district court's award of damages in the amount of $7,085.00. They contend that plaintiff's proof of lost profits was insufficient, and that the district court improperly rejected admissible proof of defendants' expenses. We review de novo the district court's determination on summary judgment and apply the standard the district court used. Applied Genetics, Int'l Inc. v. First Affiliated Secs., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). We examine the record in the light most favorable to the party opposing summary judgment. Id. The party moving for summary judgment must show "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Upon that showing, the nonmoving party must "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Id. at 324 (quoting Fed.R.Civ.P. 56(c),(e)). The nonmoving party " 'must present sufficient evidence in specific, factual form for a jury to return a verdict in that party's favor.' " Thomas v. International Business Machs., 48 F.3d 478, 484 (10th Cir.1995) (quoting Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir.1991)). Summary judgment should be entered for the moving party " '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.' " Id. (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).
 
 
 8
 Regarding damages, the Copyright Act provides that "[t]he copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. 504(b). The district court's award of $7,085.00 represented $550.00 for plaintiff's actual damages and $6,535.00 for defendants' profits. Although it is not entirely clear from the district court's order, the $550.00 in actual damages appears to compensate plaintiff for printing costs for revising its brochure. See Declaration of Benjamin Flammey, Appellant's App. at 71-72 (declaring that plaintiff spent $550.00 revising brochure); see also Plaintiff's argument at summary judgment hearing, id. at 99 (arguing that actual damages included the $550.00 costs of revising brochure). Although plaintiff also argued that its actual damages included profit it lost as a result of defendants' infringement, see id. at 99, the record does not indicate that the district court awarded lost profits. Defendants have not challenged plaintiff's representation that the district court did not award lost profits. We, therefore, need not consider defendants' challenge to the sufficiency of plaintiff's proof of lost profits.
 
 
 9
 Our concern lies with the district court's award of defendants' profits. To establish the infringer's profits, the Copyright Act requires the copyright holder "to present proof only of the infringer's gross revenue." 17 U.S.C. 504(b). The infringer, then, must "prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." Id.
 
 
 10
 In opposition to summary judgment, defendants submitted the declarations of defendant Norman Singer and of Robert Cicerrella,[2] and a profit and loss statement setting forth all expenses and revenue associated with printing the brochure and holding the seminar advertised by the brochure, "Environmental Law in Utah." Defendant Singer's declaration states that he allowed Cicerrella to organize the seminar under the auspices of The Oxford Group and that Cicerrella "incurred all the expenses for putting on the seminar" and received "[a]ll registration fees and other revenues." Appellant's App. at 91-92. Cicerrella's declaration states that he arranged for the seminar, received all its revenues, and incurred all expenses associated with the seminar. Id. at 95. Further, he declares that "[t]he revenues received and the expenses incurred in connection with the Utah Seminar are accurately set forth in the Profit and Loss Statement, dated September 25, 1992, which I prepared under the heading 'The Oxford Group.' " Id. at 95-96. The profit and loss statement shows revenues of $6,535.00, itemized expenses of $6,070.00, and a net profit of $465.00. Id. at 120.
 
 
 11
 The district court accepted the summary of revenues as defendants' admission of gross profits. Cf. Rule 56(c) (authorizing consideration of admissions). The itemized expense figures, though, were rejected as inadequate evidence of defendants' costs. Judge's statement's, Appellant's App. at 112 ("I regard the cost figures as totally unsupportive.... [T]here is nothing to support the project costs, nothing adequate to this court."). The court awarded plaintiff the gross revenue generated by the seminar because defendants had not proven deductible expenses under 504. See id. at 114; cf. Cream Records, Inc. v. Joseph Schlitz Brewing Co., 864 F.2d 668, 669 (9th Cir.1989) (noting that copyright holder is entitled to infringer's gross revenue if infringer does not prove its costs and profits not attributable to the infringement).
 
 
 12
 A determination of an infringer's expenses under 504(b) is an issue of fact. In Design v. K-Mart Apparel Corp., 13 F.3d 559, 563 (2d Cir.1994). An infringer's proof of expenses need not be "precise and perfect because, absent bad faith, reasonable approximations constitute satisfactory evidence." Id. at 564. However, the evidence supporting an award of damages under 504 cannot be speculative. See Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co., 978 F.2d 430, 432 (8th Cir.1992).
 
 
 13
 We hold that the district court erred in rejecting defendants' evidence of costs because a jury could reasonably conclude from Cicerrella's affidavit and the profit and loss statement that he incurred the expenses itemized in the profit and loss statement. See Rogers v. Koons, 960 F.2d 301, 306, 312-13 (2d Cir.) (affirming denial of motion for pre-trial award of damages where deposition and documentary evidence showed that infringer had incurred deductible expenses), cert. denied, 113 S.Ct. 365 (1992). A jury, of course, may ultimately reject cost estimates that are not fully documented. See Roulo v. Russ Berrie & Co., 886 F.2d 931, 941 (7th Cir.1989), cert. denied, 493 U.S. 1075 (1990); Gaste v. Kaiserman, 863 F.2d 1061, 1070-71 (2d Cir.1988). That possibility, however, does not warrant summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) (stating district court judge is not permitted on summary judgment "to weigh the evidence and determine the truth of the matter;" his role is limited "to determin[ing] whether there is a genuine issue for trial.").
 
 
 14
 AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion. Plaintiff's request for costs is DENIED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Although unsworn, both declarations were subscribed as true under oath of penalty or perjury pursuant to 28 U.S.C. 1746. "[S]uch ... unsworn statement[s] made in compliance with [ 1746] may be submitted in lieu of affidavits in summary judgment proceedings." Henderson v. Inter-Chem Coal Co., 41 F.3d 567, 569 n. 1 (10th Cir.1994)