**GUTHY–RENKER CORPORATION, a Delaware corporation, Plaintiff–counter–defendant–Appellee,**

v.

**Gary BERNSTEIN, an individual, d/b/a Gary Bernstein Photography and Gary Bernstein Studio Productions, Defendant–counter–claimant–Appellant.**

**Guthy–Renker Corporation, a Delaware corporation, Plaintiff–counter–defendant–Appellant,**

v.

**Gary Bernstein, an individual, d/b/a Gary Bernstein Photography and Gary Bernstein Studio Productions, Defendant–counter–claimant–Appellee.**

No. 99–56759, 99–56829.

D.C. No. CV–97–09279–MRP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 2002.

Decided May 1, 2002.

Before REINHARDT and GRABER, Circuit Judges, and HUNT,* District Judge.

MEMORANDUM **

Gary Bernstein appeals the district court's grant of summary judgment in favor of Guthy–Renker Corporation ("GRC") on the issue of whether the liquidated damages provision in the parties' licensing agreement was unenforceable. Bernstein also appeals the district court's calculation of damages for both his breach of contract and copyright claims and the court's denial of attorney's fees. GRC appeals the district court's denial of its estoppel defense. For the reasons stated herein, we affirm.

Liquidated Damages Clause

Under California law, "a provision in a contract liquidating the damages for the breach of the contract is valid unless the party seeking to invalidate the provision establishes that the provision was unreasonable under the circumstances existing at the time the contract was made." Cal. Civ.Code § 1671(b). A liquidated damages clause will be considered "unreasonable," and hence unenforceable under section 1671(b), "if it bears no reasonable relationship to the range of actual damages that the parties could have anticipated would flow from a breach." *Ridgley v. Topa Thrift & Loan Ass'n,* 17 Cal.4th 970, 73 Cal.Rptr.2d 378, 953 P.2d 484, 488 (Cal. 1998). Without this reasonable relationship, a liquidated damages provision must be construed as an unenforceable penalty. *Id.*

■ The licensing agreement at issue required GRC to include a credit when it used a photograph taken by Bernstein and provided for payment of $5,000 as liquidated damages for each omission of a credit. GRC failed to include a screen credit on an infomercial that briefly contained a Bernstein photograph of television celebrity Victoria Principal. The infomercial aired more than 9,000 times before Bernstein alerted GRC to its breach of the licensing agreement. The district court found the liquidated damages provision in the contract to be an unenforceable penalty. We agree. Bernstein presented no evidence demonstrating that $5,000 per airing was a reasonable estimate of the amount of potential business he would lose as a result of GRC's failure to include a credit on the infomercial. In fact, Bernstein admitted that the amount specified in the liquidated damages provision could have just as easily been $10,000, $20,000, or even $100,000. The district court did not err in holding the liquidated damages provision to be an unreasonable and unenforceable penalty clause.

---

* The Honorable Roger L. Hunt, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

### Breach of Contract Damages

■ Bernstein also claims that the district court erred in calculating damages for his breach of contract claim. The district court awarded Bernstein $36,000 in damages on his breach of contract claim, a sum the court calculated by trebling the $12,000 licensing fee that GRC paid Bernstein. Bernstein contends that the district court should have granted his request for replacement costs and should have awarded him a greater amount of actual damages. However, "[w]hen precise calculations are impractical, trial courts are permitted significant leeway in calculating a reasonable approximation of the damages suffered." *Cal. Ironworkers Field Pension Trust v. Loomis Sayles & Co.*, 259 F.3d 1036, 1047 (9th Cir.2001). The district court did not abuse its discretion in finding that $36,000 was a reasonable approximation of the damages that Bernstein suffered on his breach of contract claim.

### Copyright Infringement Damages

■ Bernstein further alleges that the district court erred in calculating the damages award for copyright violations. Bernstein contends that the district court abused its discretion by awarding him only .5% of GRC's profits and by allowing GRC to deduct payments to Ms. Principal from the gross profit multiplier.

Under 17 U.S.C. § 504(b), a copyright holder is entitled to an award of the infringer's profits attributable to the infringement. When an infringer's profits are only partially attributable to use of the infringing work, it is the district court's duty to make some apportionment of the profits. *Cream Records Inc. v. Jos. Schlitz Brewing Co.*, 754 F.2d 826, 829 (9th Cir.1985) (per curiam). Bernstein asked the district court to award him 4.5% of GRC's profits from the infomercials because his photo appeared on the screen

4.5% of the time. However, Bernstein's photo was not the only image depicted on the screen during that time. Moreover, GRC presented evidence to the district court demonstrating that the appearance of Bernstein's photo in the infomercials had no measurable effect on the sale of GRC products. Given the lack of evidence that GRC profited from using Bernstein's photo, the district court did not abuse its discretion in apportioning Bernstein a reduced percentage of GRC's profits.

■ Bernstein additionally complains that the district court abused its discretion by allowing GRC to deduct payment of a percentage of profits to Ms. Principal from the gross profit multiplier used in calculating Bernstein's damage award. Royalty payments generally may be included as deductible expenses. *Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc.*, 772 F.2d 505, 519 (9th Cir.1985). Because the payment of a percentage of profits is akin to a royalty payment, the district court did not abuse its discretion by permitting GRC to deduct payments made to Ms. Principal.

### Attorney's Fees

■ Bernstein additionally contends that the district court abused its discretion by not awarding him attorney's fees. "[A]ttorney's fees are to be awarded to prevailing parties *only as a matter of the court's discretion.*" *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994) (emphasis added). In deciding whether to award fees, the most critical factor for the district court to examine is the degree of success obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

Here the district court noted the limited success that Bernstein achieved on his claims and indicated that it was exercising its discretion not to grant attorney's fees.

Therefore, the district court did not abuse its discretion.[1]

Estoppel

 Finally, GRC contends that the district court abused its discretion in denying GRC's estoppel defense. At trial, GRC argued that Bernstein should be estopped from seeking profits attributable to one of Bernstein's photos because he allegedly admitted giving GRC permission to use it. However, the district court found that there was insufficient evidence that Bernstein had agreed to GRC's use of the photograph. There is no evidence in the record that would convince us otherwise. Accordingly, the district court did not abuse its discretion in rejecting GRC's estoppel defense.

AFFIRMED.

---

1. The district court also denied the motion for fees on the alternative ground that the motion was untimely. We need not reach that question because we hold that the district court did not abuse its discretion in denying the fee motion on the merits.