MEMORANDUM*
William Hablinski Architecture (WHA) appeals the district court’s judgment after a second jury trial in which a damage award was made against Amir Construction Inc., Euroconcepts, Inc., Parviz Elihu, Daniel Elihu, Albert Elihu, Joseph Elihu, and Hayadeh Elihu (collectively “Amir”). The award was on account of Amir’s infringement of WHA’s copyright in architectural plans and in an architectural work. Amir cross-appeals on various grounds. We affirm.
(1) WHA first asserts that the district court erred when it granted a motion for a new trial on the basis that the special verdict form submitted to the jury at the first trial did not properly provide for apportionment of profits from a sale of Amir’s infringing house. See Fed.R.Civ.P. 59. We disagree. We owe the district court considerable deference in this area,[1] and it did not abuse its discretion[2] when it determined that the omission prevented the jury from reaching “all factual issues essential to the judgment,”[3] and, therefore, resulted in a miscarriage of justice.[4]
The special verdict form did not provide for an apportionment of infringer’s profits between those based upon infringement of WHA’s copyrighted work and those based on factors aside from the copyrighted work.[5]
Certainly there can be no real doubt that where there is infringement, the copyright holder is entitled to the profits of the infringer “attributable to the infringe *365 ment,” but is not entitled to “elements of profit attributable to factors other than the copyrighted work.” 17 U.S.C. § 504(b); see also Sheldon v. Metro-Goldwyn Pictures Corp., 309 U.S. 390, 405, 60 S.Ct. 681, 687, 84 L.Ed. 825 (1940); Abend v. MCA, Inc., 863 F.2d 1465, 1480 (9th Cir.1988), aff'd sub nom. on other grounds, Stewart v. Abend, 495 U.S. 207, 110 S.Ct. 1750, 109 L.Ed.2d 184 (1990); Cream Records, Inc. v. Jos. Schlitz Brewing Co., 754 F.2d 826, 828-29 (9th Cir.1985) (per curiam). We see no basis to hold that apportionment is not required for architectural works, when it is required for all other works. See Eales v. Envtl. Lifestyles, Inc., 958 F.2d 876, 880-81 (9th Cir.1992); Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 772 F.2d 505, 518-19 (9th Cir.1985); see also Bonner v. Dawson, 404 F.3d 290, 295 (4th Cir.2005); John G. Danielson, Inc. v. Winchester-Conant Prop., Inc., 322 F.3d 26, 47-50 (1st Cir.2003). Of course, the infringer must offer evidence from which an apportionment can be made,[6] but we are unable to say that, on this record, the district court erred in determining that evidence had been submitted.
(2) WHA also asserts that at the second trial the district court erred when it admitted evidence from Amir regarding profits based upon features of the infringing house that did not rely upon the copyrighted work and, therefore, did not, themselves, infringe. We disagree. In fact, as already suggested, that is the proper approach in the area of copyright. See, e.g., Frank Music Corp. v. Metro-Goldwyn-Mayer Inc., 886 F.2d 1545, 1548-50 (9th Cir.1989); see also Bonner, 404 F.3d at 295.
WHA notes that in non-architeetural works the “artistic” aspects must be separated from the utilitarian aspects because only the former are protected. See Leicester v. Warner Bros., 232 F.3d 1212, 1219 n. 3 (9th Cir.2000). On the other hand, it says, in architectural works, that separation is not required. See id. at 1217; see also T-Peg, Inc. v. Vt. Timber Works, Inc., 459 F.3d 97, 110 (1st Cir.2006). That may be, but it has no application to the question of whether profits of an infringer like Amir were based, in part, upon aspects that did not infringe the copyright holder’s work, whatever the scope of that work might be.
(3) Amir’s infringing house had not actually been sold at the time of the first trial or at the time of the second trial. Thus, a determination of “profits” from a sale necessarily relied upon an estimate and was, therefore, somewhat speculative. The first jury did accept certain valuations as of the date of its decision on April 5, 2005. The second jury accepted other valuations as of the date of its decision on December 22, 2006. We agree with the district court that it was appropriate to use the values as of the date that the second jury gave its verdict. That helped to assure that the estimated profits were as accurate as possible at the time of the decision, and, therefore, that the allocation was more likely to be equitable. See Sheldon, 309 U.S. at 405, 60 S.Ct. at 687; Abend, 863 F.2d at 1480. The district court did not abuse its discretion.
(4) Because there was substantial evidence to sustain the verdict of the second jury, the district court did not err when it denied WHA’s motion for judgment as a matter of law after the second trial. See Fed.R.Civ.P. 50(b); United States ex rel. Hopper v. Anton, 91 F.3d 1261, 1268 (9th Cir.1996); Vollrath Co. v. Sammi Corp., 9 F.3d 1455, 1460 (9th Cir.1993).
*366 (5) Amir has raised a number of issues on cross-appeal, but has also stated that if we affirm on the issues raised by WHA, Amir does not wish to pursue the cross-appeal issues. We have done just that and, therefore, deem the issues raised by Amir’s cross-appeal moot.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. See Murphy v. City of Long Beach, 914 F.2d 183, 186-87 (9th Cir.1990).

. See Silver Sage Partners, Ltd. v. City of Desert Hot Springs, 251 F.3d 814, 818 (9th Cir.2001); Air-Sea Forwarders, Inc. v. Air Asia Co., Ltd., 880 F.2d 176, 190 (9th Cir.1989).

. United States v. Real Prop. Located at 20832 Big Rock Drive, Malibu, CA, 51 F.3d 1402, 1408 (9th Cir.1995).

. See Silver Sage, 251 F.3d at 819.

. Amir did preserve its objections to that failure. See Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1110 (9th Cir.2001); United States v. Parsons Corp., 1 F.3d 944, 945 (9th Cir.1993).

. Eales, 958 F.2d at 881 n. 6.