**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED FABRICS INTERNATIONAL, INC., a California Corporation, | No. 10-56169 |
| Plaintiff - Appellee, | D.C. No. 2:08-cv-06865-ODW-PLA |
| v. | |
| LANE BRYANT, INC., a Delaware Corporation; CHARMING SHOPPES, INC.; INTERNATIONAL NEWPORT GROUP, a California Business Entity Form Unknown Erroneously Sued As Newport Apparel Corporation; MOA MOA, INC., | MEMORANDUM[*] |
| Defendants - Appellants, | |
| and | |
| K.E.S. TEXTILE, INC., | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted December 5, 2011
Pasadena, California

Before: D.W. NELSON, GOULD, and IKUTA, Circuit Judges.

The August 2006 registration of "Ethnic Collection X" was sufficient to support this infringement action under 17 U.S.C. § 411(a) and to support the award of attorney's fees under 17 U.S.C. § 412(2). Ethnic Collection X meets the criteria for registration as a collection of unpublished works under 37 C.F.R. § 202.3(b)(4)(B), *see United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1259 (9th Cir. 2011), and therefore the August 2006 registration registered not just the collection as such but "all copyrightable elements [within the collection] that are otherwise recognizable as self-contained works." § 202.3(b)(4)(B).

The failure of United Fabrics ("UFI") to note in its application that the Hailey design is a derivative work does not render the registration invalid; Lane Bryant has neither argued that it detrimentally relied on the omission nor pointed to any evidence that UFI intended to defraud the Copyright Office. *See Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1156 (9th Cir. 2010). Furthermore, because Ethnic Collection X would still have been registerable even if the derivative nature of the Hailey design had been noted in the application, the

2

omission was immaterial. *See id.*; *see also* Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 7.20[B][1].

Lane Bryant has waived its arguments that the evidence was insufficient to support the jury's verdict that Lane Bryant, Inc. and Newport Apparel Corp. willfully infringed UFI's copyright and that Newport Apparel Corp., Lane Bryant, Inc., and Charming Shoppes, Inc. vicariously infringed UFI's copyright, because Lane Bryant did not file a Rule 50(b) post-trial motion for judgment as a matter of law. *See Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 400–01 (2006); Fed. R. Civ. P. 50(b).

Lane Bryant has also waived its argument that Plaintiff's Special Jury Instruction No. 1 was erroneous. Lane Bryant did not object to the instruction on the record. *See* Fed. R. Civ. P. 51; *Medtronic, Inc. v. White*, 526 F.3d 487, 495 (9th Cir. 2008) (noting that, to be valid, an objection to a jury instruction must be made on the record and state the grounds for objection). Nothing in the record suggests that the district court knew Lane Bryant's ground for disagreement with the instruction. *See Medtronic*, 526 F.3d at 495. Nor does this instruction call into question the integrity or fundamental fairness of the proceedings in the district court. *See Jerden v. Amstutz*, 430 F.3d 1231, 1236 n.4 (9th Cir. 2005).

3

The district court did not err in excluding Christina Hutchings's testimony with regard to overhead expenses Lane Bryant, Inc. purportedly incurred in connection with the sale of the infringing garments. Because Hutchings testified that she had not been asked to determine the amount of overhead attributable to the sale of the infringing garments and that she calculated overhead expenses without regard to whether those expenses actually related to the sales of the garments at issue, she would have been unable to testify regarding the relevant legal issue, specifically whether "the categories of overhead actually contributed to sales of the infringing work." *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 516 (9th Cir. 1985); *see also Kamar Int'l, Inc. v. Russ Berrie & Co., Inc.*, 752 F.2d 1326, 1332 (9th Cir. 1984).

The district court erred in excluding Lane Bryant's proffered evidence that Newport Apparel Corp. had sold a dress that did not include the infringing fabric design, but which had an identical silhouette and cut as the infringing garment, to a competing retailer for a higher price than that at which the infringing garment was sold to Lane Bryant, Inc. This evidence was relevant to the issue of apportionment because it suggested that at least some of the value of the infringing garment arose from features other than the infringing fabric design. Although this evidence did not provide a mathematically precise method of determining what portion of Lane

4

Bryant's profits were attributable to non-infringing aspects of the garment, such precision is not required. *See Frank Music*, 772 F.2d at 518. On remand, the district court must consider the evidence adduced by Lane Bryant and determine whether it "suggests some division which may rationally be used as a springboard" to make an apportionment.[1] *Cream Records, Inc. v. Jos. Schlitz Brewing Co.*, 754 F.2d 826, 829 (9th Cir. 1985).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.**

---

[1]On remand, if the district court determines that the apportionment issue is not sufficiently separable from the other damages issues in this case, or that a retrial on the apportionment issue alone would work an injustice to the parties, it may conduct a full retrial on damages and would not be precluded from considering any additional evidence adduced by Lane Bryant regarding overhead expenses. *Cf. Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 732–33 (9th Cir. 1999). Conversely, if the district court determines that the apportionment issue is sufficiently separable, and that it is fair to the parties, the court may have a retrial on that issue alone. *See Frank Music*, 772 F.2d at 519; *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 710 (9th Cir. 2004).