577 F.Supp. 1377 (1983)
Gladys JACKSON, Guardian of the Person and Estate of Joseph Gilbert Jackson, III, Plaintiff,
v.
UNITED STATES of America, Defendant.
No. 82-520C(2).
United States District Court, E.D. Missouri.
December 30, 1983.
Elmer C. Oberhellmann, St. Louis, Mo., for plaintiff.
*1378 Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for defendant.

MEMORANDUM
FILIPPINE, District Judge.
This matter is before the Court for a decision on the merits after trial to the Court. Plaintiff brings this claim on behalf of the Estate of Joseph Gilbert Jackson, III, a minor, under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., for the death of Joseph Gilbert Jackson, Jr., the father of Joseph Gilbert Jackson, III. Plaintiff asserts that Jackson died as a result of medical malpractice arising out of the treatment of injuries resulting from stab wounds Jackson received from a fellow prisoner.[1] The Court adopts the following as its findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52.

FINDINGS OF FACT
1. Plaintiff, Gladys Jackson, is as of the date of this Memorandum, the legal guardian of the Estate of Joseph Gilbert Jackson, III.
2. Joseph Gilbert Jackson, Jr., the decedent, was incarcerated in the Medical Center for Federal Prisoners located in Springfield, Missouri, at the time of his death on March 16, 1979.
3. The decedent was the father of Joseph Gilbert Jackson, III, who was born on March 1, 1974.
4. Joseph Gilbert Jackson, III, resides in the state of Missouri within the Eastern District of Missouri.
5. The decedent, while in custody of federal authorities, was involved in a stabbing incident with a fellow prisoner around 7:20 p.m. on March 16, 1979.
6. The decedent arrived at the medical center around 8:00 p.m.
7. The decedent suffered two stab wounds in the back.
8. The decedent's intercostal artery was lacerated, and he was bleeding internally into the pleural cavity.
9. The uncontradicted expert medical testimony of John W. Berry, M.D., indicated that the decedent was bleeding internally, and was in immediate need of blood and surgical intervention to halt the bleeding.
10. No surgery was ever performed on the decedent.
11. No blood was given to the decedent until 11:05 p.m., some three and one-half hours after he was stabbed.
12. Decedent went into cardiac arrest at 11:13 p.m., and was pronounced dead at 11:40 p.m.
13. Decedent, although not steadily employed, has worked at numerous jobs such as auto mechanic, restaurant work, painting and plastering.
14. Decedent also worked as an assembler at the Innovex Division of Perfection Manufacturing Company.
15. Decedent was laid off from the aforementioned assembler position in November of 1976.
16. Decedent, although having on several occasions violated the law, nevertheless sought and held employment even after having been convicted for crimes.
17. The decedent and his son, Joseph Gilbert Jackson, III, spent time together during the period from October, 1975, to October, 1976.
18. During the aforesaid time defendant took his son to the park, and went skating and bike riding with him.
19. The Court further finds that the decedent enrolled his son in a nursery school, and made sure that he arrived and departed from school safely.
*1379 20. The physicians that treated the decedent were employed by the United States Government.

CONCLUSIONS OF LAW
This Court has jurisdiction pursuant to 28 U.S.C. § 1346 in this action under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq.
Venue is proper in this district pursuant to 28 U.S.C. § 1402.
Liability as well as damages are governed by the law of the state of Missouri with regard to wrongful death. § 537.080, R.S.Mo., et seq.
Joseph Gilbert Jackson, III, is a member of the class of persons entitled to bring this wrongful death action under § 537.080, R.S.Mo.
Under Missouri law a physician is required to use and exercise that degree of skill and proficiency which is commonly exercised by the ordinary, skillful, careful, and prudent physician and surgeon engaged in the practice of medicine. Silberstein v. Berwald, 460 S.W.2d 707 (Mo. 1970).
The physicians that treated the decedent failed to exercise the aforementioned standard of care in that they failed to recognize clear symptoms of internal bleeding and administer immediate blood transfusions and perform emergency surgery.
The direct and proximate cause of decedent's death was this failure by the treating physicians, employees of the United States Government, to exercise that degree of proficiency which is commonly exercised by the ordinary skillful, careful, and prudent physician and surgeon engaged in the practice of medicine.
Under the wrongful death laws of the state of Missouri as made applicable to the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., plaintiff is entitled to recover money damages from the United States Government.
The Government of the United States is liable for the negligent acts of its employees, the treating physicians, under the doctrine of respondeat superior.
The Government of the United States is liable for all damages recoverable by plaintiff under Missouri's wrongful death statute except those damages allowed by the statute for aggravating circumstances in that such damages are punitive in nature, In re Air Crash Disaster Near Chicago, Ill., 644 F.2d 594, 606 (7th Cir.1981), and punitive damages are not recoverable under the Federal Tort Claims Act. 28 U.S.C. § 2674.
Plaintiff is thus entitled to such damages that the "trier of facts may deem fair and just for the death and loss thus occasioned, having regard to the pecuniary losses suffered by reason of the death, funeral expenses, and the reasonable value of the services ... companionship, comfort, instruction, guidance, counsel, training and support of which those on whose behalf suit may be brought have been deprived by reason of such death...." 537.090 R.S.Mo.[2]
This Court concludes that $35,000.00 is fair and just compensation under the considerations outlined above.
NOTES
[1] Plaintiff brought this suit in two counts. The first count asserted that prison officials were negligent in maintaining and operating the prison facilities, and that this negligence resulted in Jackson being stabbed by a fellow prisoner. Plaintiff, however, presented no evidence with regard to this count. The second count, and the basis for this decision, is a claim based upon medical malpractice.
[2] The statute also provides damages for loss of consortium, which is of course not applicable in the case at bar. In addition, the statute allows recovery for such damages as "the deceased may have suffered between the time of injury and the time of death and for the recovery of which the deceased might have maintained an action had death not ensued." Plaintiff, however has presented to this Court no such evidence and thus the award does not include such damages.