**Gladys JACKSON, Executrix of Estate of Joseph Gilbert Jackson, III, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 84–1126.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 16, 1984.

Decided Dec. 14, 1984.

Elmer C. Oberhellmann, St. Louis, Mo., for appellant.

Thomas E. Dittmeier, U.S. Atty., and Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before BRIGHT, McMILLIAN and BOWMAN, Circuit Judges.

PER CURIAM.

Appellant, Gladys Jackson, brought an action on behalf of Joseph Gilbert Jackson, III, a minor, under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 (1982), for the death of Joseph Gilbert Jackson, Jr., the father of Joseph Gilbert Jackson, III. The court[1] entered judgment for the appellant and awarded her damages of $35,000. 577 F.Supp. 1377 (1983). She appeals. The sole issue presented on this appeal is whether the district court's award of $35,-000 is clearly inadequate.

The decedent, while incarcerated in the Medical Center for Federal Prisoners in Springfield, Missouri, was stabbed twice in the back by a fellow inmate on March 16, 1979. He was admitted to the medical center, but the treating physicians failed to recognize the clear symptoms of internal bleeding. Consequently, the physicians did not administer blood transfusions or perform emergency surgery to stop the bleeding and Jackson died.

Appellant filed suit in the district court requesting $2,000,000 in damages for the wrongful death of Jackson. The court held the government liable, finding that the proximate cause of Jackson's death was the failure of the treating physicians to exercise that degree of proficiency commonly exercised by the ordinary skillful, careful, and prudent physician and surgeon engaged in the practice of medicine. *Silberstein v. Berwald,* 460 S.W.2d 707, 709 (Mo.1970).

In determining the proper measure of damages, the court heard testimony from an economist and the appellant who is the decedent's mother. On the basis of the testimony presented, the court awarded the appellant $35,000.

The clearly erroneous standard governs our review of a district court's award of damages. *See Clark v. Burlington Northern, Inc.,* 726 F.2d 448, 452 (8th Cir.1984); *Johnson v. Richardson,* 701 F.2d 753, 758 (8th Cir.1983). The district court has broad discretion in fixing the damages after considering the relevant facts, *see Douthitt v. United States,* 491 F.Supp. 891, 895 (E.D.Mo.1980), and this court will not interfere with its award of damages unless it constitutes a " 'plain injustice' or a 'monstrous' or 'shocking' result." *Overton v. United States,* 619 F.2d 1299, 1304 (8th Cir.1980) (quoting *Solomon Dehydrating Co. v. Guyton,* 294 F.2d 439, 448 (8th Cir.), *cert. denied,* 368 U.S. 929, 82 S.Ct. 366, 7 L.Ed.2d 192 (1961)).

Appellant argues that the $35,000 award is inadequate in view of the close relationship between the decedent and Joseph, III, and the constant financial and

---

**1.** The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

emotional support the decedent provided to Joseph, III, even while he was in prison. At the trial, appellant offered the testimony of an economist, Dr. Leroy Grossman, who calculated that the decedent could have earned roughly between $185,000 and $204,000 from the time of his death until the date at which Joseph, III, reached the age of 21. On cross-examination, however, the government brought out that Dr. Grossman based his projections on broad assumptions that were highly speculative in view of the decedent's spotty work history. Although the court found that the decedent had maintained a relationship with Joseph, III, the appellant's testimony that the decedent had sent home between $30 and $50 each month from his earnings in the prison factory for the support of Joseph, III, was contradicted by prison records which showed that the appellant had received only $3.70 from the decedent while he was in prison.

Our review of the record discloses no substantial basis on which we can overturn the award. Accordingly, we affirm.