LOKEN, Circuit Judge.
 

 In this copyright case, Pfanenstiel Architects, Inc. (“PAI”), appeals the district court’s
 
 [1]
 
 refusal to award actual damages, in addition to the infringer’s profits, against competing architects who infringed PAI’s drawings. PAI claims that it is entitled to that award because the defendant architects are jointly and severally liable for actual damages that the district court did award against a codefendant who defaulted. The district court’s finding that PAI failed to prove its actual damages against the nondefaulting defendants is neither clearly erroneous nor precluded by the inconsistent judgment entered against the defaulting defendant. Accordingly, we affirm.
 

 I.
 

 In 1986, Dallas-based PAI developed architectural drawings for “fast lube” auto
 
 *431
 
 mobile service shops in Texas and St. Louis for American Ten-Minute Oil Change, Inc. (“AmeriTen”). PAI billed AmeriTen $110,-000 for this work but only received a retainer of $500. PAI reserved all rights in the drawings but did not register its copyright until September 1988. AmeriTen kept a set of the drawings, ostensibly for use in attracting financial backers.
 

 In late 1986 or 1987, AmeriTen entered into a contract with defendant Chouteau Petroleum Company in which Chouteau agreed to construct and lease to AmeriTen two fast lube shops in greater Kansas City. Chouteau retained Kansas City-based McCamis & Smith Architects (“M & S”) for this project.
 
 [2]
 
 AmeriTen supplied M & S with AmeriTen’s “standard prototype architectural drawings.” The drawings were “complete and ready for construction,” but they bore no copyright symbol and the architect’s title block was blank. As was his practice, Smith asked Ralph Kauffmann of AmeriTen if he had permission to use the drawings. Kauffmann replied, “these are drawings that I developed in California and that we had some help on to draw them up in Dallas, just like we want you to do for us.” Kauffman never answered Smith’s question as to who drew the plans but did state in a July 1987 letter:
 

 Although I did not draw the original plans or plans that reflect how we had evolved, the concept and changes in design are at my direction____ I designed and constructed the second oil change unit some 12 years ago in the pacific Northwest and American holds the rights to these plans and specifications.
 

 After modifying the drawings to meet local building code conditions and affixing its own architectural seal, M & S submitted the revised drawings to Chouteau and construction began on the two lube shops. PAI learned of the new buildings and asked M & S for a copy of the architectural plans used. After receiving an independent architect’s opinion that the M & S drawings were copies of PAI’s earlier work for AmeriTen, PAI brought this action for copyright infringement against Smith, his partner Earl McCamis, and Chouteau.
 
 [3]
 
 PAI sought to recover damages of $30,-996 — the $10,996 M & S had billed Chou-teau plus $20,000 in actual damages — and attorney’s fees.
 

 Chouteau defaulted but McCamis and Smith defended the suit pro se. After a bench trial at which McCamis, Smith, and Walter Pfanenstiel of PAI testified, the district court entered a default judgment for $30,996 plus attorney’s fees of $7,935.45 against Chouteau pursuant to Fed.R.Civ.P. 55. It held McCamis and Smith liable for their net profit from the drawings, which it found to be $3,000, but not liable for PAI’s actual damages nor its attorney’s fees. In denying PAI’s Rule 59 motion to amend this judgment, the district court explained:
 

 Plaintiff’s motion argues that the court should not have found that defendants were innocent infringers under 17 U.S.C. § 405(b). This is a non-issue because the court did not specifically find that defendants McCamis and Smith were innocent infringers. The court found that they had infringed on plaintiff’s copyright, but that the only damages which were proven to the court’s satisfaction was the amount of $3,000.00 in lost profits. The other damages sought by plaintiff were too speculative to award.
 

 On appeal, PAI argues that the district court erred in failing to hold McCamis and Smith liable for PAI’s actual damages of $20,000.
 

 
 *432
 
 II.
 

 Under § 504(b) of the Copyright Act, 17 U.S.C. § 504(b), “[t]he copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages.” The district court found that the evidence supporting PAI’s claim for $20,000 in actual damages was “too speculative” to support an award against McCamis and Smith. We review such a damage finding under the clearly erroneous standard.
 
 See Jackson v. United States,
 
 750 F.2d 55, 56 (8th Cir. 1984).
 

 The Copyright Act allows recovery of actual damages, in addition to the infringer’s profits, in recognition that some types of ■ infringement inflict more harm to the copyright owner than the benefit reaped by the infringer, for example, where the infringer’s minimal use forecloses a broader market,
 
 see Cream Records, Inc. v. Jos. Schlitz Brewing Co.,
 
 754 F.2d 826, 827-28 (9th Cir.1985), or where the copyright owner’s provable profit margin is greater than the infringer’s,
 
 see Robert R. Jones Assocs., Inc. v. Nino Homes,
 
 858 F.2d 274, 281 (6th Cir.1988). Here, there was no evidence that M & S’s infringing use of PAI’s drawings in Kansas City deprived PAI of any business other than the infringing use itself — the furnishing of the drawings to Chouteau for the architect’s fee on the projects. Therefore, to be awarded actual damages, PAI must prove that its profit on this business would have been greater than M & S’s profit of $3,000, which the district court awarded.
 
 See Abeshouse v. Ultragraphics, Inc.,
 
 754 F.2d 467, 469-71 (2d Cir.1985).
 
 [4]
 

 ' Walter Pfanenstiel testified that the $20,-000 figure represented the architectural fee he would have charged “to build the two buildings here in Kansas City and also to design and draw a third building which was not built.” The figure was “based on the average of the units we did there, how much we had spent on the ones we had done in Dallas, and the ones we had done in St. Louis.” There was no evidence establishing PAI’s normal profit margin for comparable work or even demonstrating that the $20,000 represented profit and not gross revenue. There was no evidence that Chouteau would have paid such a fee, when M & S’s entire architectural fee for this work had been less than $11,000. There was no evidence demonstrating that the $20,000 figure did not include a portion of the unpaid PAI fees previously billed to AmeriTen, which would not be allowable damages for M & S’s infringement. Based upon this barren record, we agree with the district court that PAI’s claim of actual damages over and above the infringer’s profits was simply too speculative to support such an award.
 

 III.
 

 Finally, PAI argues that the default judgment entered against Chouteau included an award of “at least $20,000.00” in actual damages. Therefore, the district court erred in not awarding a comparable amount against McCamis and Smith because they are jointly and severally liable with Chouteau for such damages.
 

 “It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly.”
 
 Pope v. United States,
 
 323 U.S. 1, 12, 65 S.Ct. 16, 22, 89 L.Ed. 3 (1944).
 
 See
 
 Fed.R.Civ.P. 55(b)(2). However, PAI’s reliance upon its default judgment against Chouteau is contrary to the venerable principle that a default judgment against one defendant does not preclude a codefendant from contesting the plaintiff’s claim. As Chief Justice Marshall said in
 
 The Mary,
 
 9 Cranch (13 U.S.) 126, 143, 3 L.Ed. 678 (1815):
 

 
 *433
 
 In the same cause, a fact, not controverted by one party, who does not appear, and therefore, as to him taken for confessed, ought not, on that implied admission, to be brought to bear upon another who does appear, does controvert, and does disprove it.
 

 In
 
 Rhodes v. Meyer,
 
 334 F.2d 709, 718 (8th Cir.),
 
 cert. denied,
 
 379 U.S. 915, 85 S.Ct. 263, 13 L.Ed.2d 186 (1964), we held that a plaintiffs recovery of a “substantial judgment” by default in a prior action lacked “any persuasive effect” in the plaintiff’s suit against
 
 different
 
 defendants “brought upon the same basic cause of action.” In
 
 Hatridge v. Aetna Cas. & Sur. Co.,
 
 415 F.2d 809, 812 (8th Cir.1969), we explained that such a prior judgment would be given collateral estoppel effect only if it was entered against the nondefaulter or if the nondefaulter had otherwise raised the issue and lost it.
 

 When there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some but less than all of those defendants default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff’s claim against the nondefaulters is resolved. This is not because the nondefaulters would be bound by the damage determination against the defaulters, but to avoid the problems of dealing with inconsistent damage determinations against jointly and severally liable defendants.
 
 See In re Uranium Antitrust Litigation,
 
 617 F.2d 1248, 1261-62 (7th Cir.1980). Thus, when one district court prematurely awarded punitive damages against a defaulting defendant that a jury later refused to award against a non-defaulting codefendant, the default judgment was vacated with instructions that it be reduced to an amount consistent with the damages awarded against the nondefaulter.
 
 Hunt v. Inter-Globe Energy, Inc.,
 
 770 F.2d 145, 148 (10th Cir.1985).
 
 See also Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,
 
 722 F.2d 1319, 1324 (7th Cir.1983); 6 Moore’s Federal Practice ¶ 55.06, at 55-53.
 

 Here, the district court properly waited until the end of the trial before awarding damages against Chouteau, the defaulting defendant. However, the district court then awarded “the total amount prayed” against Chouteau, and a lesser, inconsistent amount against McCamis and Smith, the nondefaulters. Because McCamis and Smith were no doubt jointly and severally liable with Chouteau, at least for PAI’s actual damages,
 
 see, e.g., Abeshouse,
 
 754 F.2d at 472, the district court would have been better advised to avoid such inconsistent damage awards. But the fact that inconsistent awards were made does not mean that McCamis and Smith, who
 
 prevailed
 
 on the merits of the actual damages issue, are liable for such damages that may have been included as part of the routine default judgment against Chouteau. That would violate the dominant principle of
 
 The Mary, Rhodes v. Meyer,
 
 and
 
 Hatridge.
 

 In other words, if the district court erred in making inconsistent damage awards, it erred in PAI’s favor in the default judgment against Chouteau, an issue that is not before us. The judgment of $3,000 against McCamis and Smith was consistent with the court’s findings as to actual damages and infringer’s profits under § 504(b) and therefore must be affirmed.
 

 [1]
 

 . The HONORABLE DEAN WHIPPLE, United States District Judge for the Western District of Missouri.
 

 [2]
 

 . M & S had previously worked on convenience store projects for Quality Markets, Inc., the parent or affiliate of Chouteau. Defendant Norbert Smith of M & S testified that his firm had also done prior work for Jiffy Lube and was reluctant to accept the Chouteau/AmeriTen project, but “was pressured a little bit [by Quality Markets] in order to keep the convenience store contracts."
 

 [3]
 

 . PAI did not sue AmeriTen, the obvious scoundrel in this affair, because it was "not worth pursuing” — by this time, AmeriTen was "not operating as an entity, and they have an awful lot of lawsuits against them.”
 

 [4]
 

 . In light of the separate award against McCam-is and Smith for their profits, PAI’s alleged actual damages obviously contain an element of the double counting prohibited by the plain language of § 504(b).
 
 See Taylor v. Meirick,
 
 712 F.2d 1112, 1120 (7th Cir.1983).