**KLEIER ADVERTISING, INC.,**
**et al., Plaintiffs,**

v.

**JOHN DEERY MOTORS, INC.,**
**et al., Defendants.**

**No. C 91–2045.**

United States District Court,
N.D. Iowa, E.D.

Sept. 24, 1993.

Jack A. Wheat, Roach and Wheat, Louisville, KY, and Max E. Kirk and David W. Stamp, Ball, Kirk, Holm & Nardini, Waterloo, IA, for plaintiffs.

Bruce L. Gettman and James E. Walsh, Clark Butler Walsh & McGivern, Waterloo, IA, for cross-claimant.

## ORDER

McMANUS, Senior District Judge.

This matter is before the court on the Report and Recommendation filed September 7, 1993. Adopted.

On June 15, 1993, the court granted plaintiffs' unresisted Motion to Hold Defendant Bench Billboard Advertising (Bench) in Contempt of Court, filed October 19, 1992, and unresisted Motions for Default Judgment against Bench and Dennis O. Knudson, filed January 15, 1993 and March 4, 1993. The court referred the matter to Chief Magistrate Judge John A. Jarvey for a Report and Recommendation as to the amount of damages, fees and any other relief deemed appropriate.

No objections having been filed to the Report and Recommendation, and the court finding no error of fact or law, the findings of fact and conclusions of law shall be accepted and adopted.

It is therefore

ORDERED

1. Plaintiff Kleier Advertising is awarded $74,085.53 in damages against defendants Bench Billboard Advertising and Dennis O. Knudson.

2. Defendant/Cross–Claimant John Deery Motors, Inc. is awarded $25,000 in damages against Defendants Bench Billboard Advertising and Dennis O. Knudson.

*REPORT AND RECOMMENDATION*

JARVEY, United States Magistrate Judge.

This matter comes before the court pursuant to Judge Edward J. McManus's June 15,

1993, order (docket number 47) referring the matter to the undersigned Magistrate Judge for report and recommendation as to the amount of damages, fees, and any other relief deemed appropriate in this matter. The undersigned recommends damages and fees in the full amount claimed by the prevailing parties as set forth in their affidavits and memoranda.

### FACTS

This case involves copyright infringement of advertising materials owned by plaintiff Kleier Advertising, Inc. (Kleier), which Kleier licensed to retail operations, all of which are automobile dealerships. Defendants Bench Billboard Advertising (Bench) and Dennis O. Knudson (Knudson) appropriated Kleier's advertisement and licensed it as their own to three clients, including defendant/cross-claimant John Deery Motors, Inc. (Deery). Deery settled with Kleier for $25,-000, but cross-claimed against the other defendants for indemnity. Judge McManus's June 15, 1993, order granted Kleier's motion to hold defendants Bench and Knudson in contempt of court. Bench and Knudson had failed to comply with orders compelling discovery of the two unknown parties to whom defendants sold the infringing advertisement. Judge McManus's order also entered default judgment against Bench and Dennis O. Knudson and in favor of Kleier and cross-claimant Deery as sanctions for contempt.

Pursuant to the July 13, 1993, order of this court (docket number 51), the parties submitted affidavits in support of their damage claims and waived an evidentiary hearing.[1] The affidavit of Bruce L. Gettman, Jr., on behalf of Deery (docket number 52), seeks indemnity from Bench and Knudson as follows:

| | |
|---|---|
| Payment of actual damages, interest and attorneys fees. | $11,901.60 |
| Payment for Deery's stipulated profits to which the Plaintiff was entitled. | $13,098.40 |
| | $25,000.00 |

The affidavit (docket number 53) of Gregory L. Himebuch, representative of Deery's insurer, Milwaukee Insurance Co., and the per-

son who authorized settlement by Deery in the amount of $25,000, also supports Deery's damage claim as fair and reasonable.

Kleier's July 27, 1993, memorandum associated with the calculation of default judgment damages (docket number 56) and the July 27, 1993, affidavit of Glenn E. Kleier (docket number 55) present Kleier's claim for damages in the Waterloo, Iowa, market. After giving credit for the portions paid by Deery, Kleier claims as follows:

| | | |
|---|---|---|
| 1. | License fee | $13,887.00 |
| | Less portion paid by Deery | (4,629.00) |
| 2. | Prejudgment interest from February 1, 1987 through August 1, 1993 (78 months) at an average prime lending rate approximated to be 10% per annum | 9,026.55 |
| | Less portion paid by Deery | (3,385.18) |
| 3. | Knudson/Bench Billboards "revenues" | 3,896.40 |
| 4. | Prejudgment interest on Knudson/Bench Billboards revenues calculated as above | 2,532.66 |
| | **BALANCE OWING** | **$21,328.43** |

Kleier also submitted damages claims for the two "mystery markets" based on the assumption that those markets were roughly equivalent to the Waterloo, Iowa, one. The liability for these two markets was calculated as follows:

MARKET ONE:

| | | |
|---|---|---|
| 1. | License fee | $13,887.00 |
| 2. | Knudson/Bench Billboard's income | 2,400.00 |
| | SUBTOTAL | 16,287.00 |
| 3. | Prejudgment interest from February 1, 1987 through August 1, 1993 (calculated as above) | 10,586.55 |
| | TOTAL | 26,873.55 |

MARKET TWO:

| | | |
|---|---|---|
| 1. | License fee | 13,887.00 |
| 2. | Knudson/Bench Billboard's income | 1,800.00 |
| | SUBTOTAL | 15,687.00 |
| 3. | Prejudgment interest calculated as above | 10,196.55 |
| | TOTAL | 25,883.55 |

Kleier's total damage claim is therefore:

| | | |
|---|---|---|
| 1. | Waterloo Market | $21,328.43 |
| 2. | Market One | 26,873.55 |
| 3. | Market Two | 25,883.55 |
| | TOTAL | 74,085.53 |

---

**1.** An evidentiary hearing was set for July 13, 1993. The parties seeking default damages waived an evidentiary hearing. The court waited for other interested parties to appear, but none appeared. The court then set a schedule for the submission of affidavits.

## CONCLUSIONS OF LAW

■ It is a proper exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the prevailing party is lawfully entitled to recover and to give judgment accordingly. *Pope v. United States*, 323 U.S. 1, 12, 65 S.Ct. 16, 22, 89 L.Ed. 3 (1944); *see Fed. R.Civ.P.* 55(b)(2). The Eighth Circuit Court of Appeals recently addressed what damages are available for copyright infringement:

> Under § 504(b) of the Copyright Act, 17 U.S.C. § 504(b), "[t]he copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages...."

The Copyright Act allows recovery of actual damages, in addition to the infringer's profits, in recognition that some types of infringement inflict more harm to the copyright owner than the benefit reaped by the infringer, for example, where the infringer's minimal use forecloses a broader market, *see Cream Records, Inc. v. Jos. Schlitz Brewing Co.*, 754 F.2d 826, 827–28 (9th Cir.1985), or where the copyright owner's provable profit margin is greater than the infringer's, *see Robert R. Jones Assocs., Inc. v. Nino Homes*, 858 F.2d 274, 281 (6th Cir.1988).

*Pfanenstiel Architects v. Chouteau Petroleum*, 978 F.2d 430, 432 (8th Cir.1992); *see also Applied Innovations v. Regents of the U. of Minn.*, 876 F.2d 626, 637 (8th Cir.1989) (upholding calculation of actual damages based on loss of profits copyright owner would have earned but for defendant's infringement and evidence of owner's usual profit margin). The copyright owner can only recover once for each infringement. 17 U.S.C. § 504(a). Instead of seeking actual damages under § 504(b), the copyright owner suing an infringer may elect statutory damages under § 504(c). *Id.; see also Paramount Pictures v. Metro Program Network*, 962 F.2d 775, 778–79 (8th Cir.1992). Here, Kleier has elected to seek actual damages.

■ Kleier seeks prejudgment interest as part of its damage award. The Eighth Circuit Court of Appeals has not addressed this question in a copyright infringement action, but other circuits have upheld prejudgment interest in this context. *See, e.g., Kleier Advertising, Inc. v. Premier Pontiac, Inc.*, 921 F.2d 1036, 1040–42 (10th Cir.1990); *Frank Music Corp. v. Metro–Goldwyn–Mayer Inc.*, 886 F.2d 1545 (9th Cir.1989), *cert. denied*, 494 U.S. 1017, 110 S.Ct. 1321, 108 L.Ed.2d 496 (1990); *Gorenstein Enterprises, Inc. v. Quality Care–USA, Inc.*, 874 F.2d 431 (7th Cir.1989). Kleier has properly asked for and calculated prejudgment interest.

■ In the present case, Kleier's actual damages are the lost licensing fees it would have received for licenses to use the advertisements in Waterloo, Iowa, and the other two unknown markets. Kleier argues that unlicensed use of its advertisement in the three markets effectively eliminates those markets for licensed use. Defendants agreed with that proposition in depositions and it is one of the justifications for actual damages cited by the courts in *Pfanenstiel* and *Cream*. Kleier's licensing fee depends on the size of the exclusive geographical market in which the licensee does business. In the present case, the actual market for two of Bench's clients is unknown, through no fault of Kleier. In similar circumstances, the United States Supreme Court remarked that "what is required is not mathematical exactness but only a reasonable approximation." *Sheldon v. Metro–Goldwyn Pictures Corp.*, 309 U.S. 390, 408, 60 S.Ct. 681, 688, 84 L.Ed. 825 (1940) (court estimated appropriate lost profits damages based on estimates of profits from motion picture not produced because of infringement). The use of the same licensing fee for each of the three infringing markets is such a reasonable approximation.

■ Kleier is also entitled to "any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." *Pfanenstiel, supra*, at 432. Knudson's and Bench's profits were the fees they charged their clients for the infringing advertisements: $3,896.40 for Waterloo, and $2,400 and $1,800 for the two unknown markets. If anything,

the estimates for the unknown markets are low because of the lack of information concerning Bench's receipt of additional fees during the course of running the advertisements.

Deery's damages are less difficult to calculate. Having paid a settlement of $25,000, Deery is entitled to that amount from Bench and Knudson on default judgment.

Upon the foregoing,

IT IS RECOMMENDED that, unless any party files objections[2] to the Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1)(C) and *Fed.R.Civ.P.* 72(b) within ten (10) days of the service of a copy of this report and recommendation,

1. Defendant/Cross–Claimant John Deery Motors, Inc.'s damages on default judgment against Defendants Bench Billboard Advertising (Bench) and Dennis O. Knudson (Knudson) be found to be $25,000.

2. Plaintiff Kleier Advertising, Inc.'s damages on default judgment against Defendants Bench Billboard Advertising (Bench) and Dennis O. Knudson (Knudson) be found to be $74,085.53.

September 7, 1993.