# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3728

_____

Warner Bros. Entertainment, Inc.; Warner Bros. Consumer Products, Inc.; Turner
Entertainment Co.

*Plaintiffs - Appellees*

v.

X One X Productions, doing business as X One X Movie Archives, Inc.;
A.V.E.L.A., Inc., doing business as Art & Vintage Entertainment Licensing
Agency; Art-Nostalgia.com, Inc.; Leo Valencia

*Defendants - Appellants*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 21, 2016
Filed: November 1, 2016

_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.

_____

GRUENDER, Circuit Judge.

X One X Productions, A.V.E.L.A., Inc., Art-Nostalgia.com, Inc., and Leo
Valencia (collectively, "AVELA") appeal a permanent injunction prohibiting them
from licensing images from the films *Gone with the Wind* and *The Wizard of Oz*, as

well as the animated short films featuring cat-and-mouse duo Tom and Jerry. The district court[1] issued the permanent injunction after granting summary judgment in favor of Warner Bros. Entertainment, Inc., Warner Bros. Consumer Products, Inc., and Turner Entertainment Co. (collectively, "Warner") on their claim that AVELA infringed their trademarks and engaged in unfair competition by licensing iconic pictures and phrases from the films. For the reasons discussed below, we affirm.

## I. BACKGROUND

Warner holds registered copyrights in the films *Gone with the Wind*, *The Wizard of Oz*, and *Tom and Jerry* cartoons, and it has asserted both registered and common law trademarks in the images, characters, words, names, phrases, and symbols related to these films. AVELA obtained restored versions of movie posters and lobby cards for the films, and from these publicity materials it extracted images of famous characters, including Dorothy, Tin Man, Cowardly Lion, and Scarecrow from *The Wizard of Oz*, Scarlett O'Hara and Rhett Butler from *Gone with the Wind*, and Tom and Jerry. AVELA licenses these images for use on a wide variety of consumer products, from shirts, lunch boxes, and playing cards to three-dimensional figurines, water globes, and action figures. Warner filed suit against AVELA in 2006, asserting copyright and trademark infringement claims under the Copyright Act, Lanham Act, and state law. The case is now in its second appeal before this court.

The first appeal concerned Warner's copyright claims. On March 20, 2009, the district court granted Warner summary judgment on its copyright infringement claims and entered a permanent injunction prohibiting AVELA from using any of the publicity material images in any way except for exact duplication of publicity materials in the public domain. AVELA appealed, and this court affirmed in part and

---

[1]The Honorable Henry E. Autrey, United States District Court for the Eastern District of Missouri.

reversed in part, upholding summary judgment and most of the injunction. *Warner Bros. Entm't, Inc. v. X One X Productions, et al.*, 644 F.3d 584, 604 (8th Cir. 2011). In that decision, we divided Appellants' products into three categories: (1) products reproducing "one image from an item of publicity material as an identical two-dimensional image"; (2) products "that each juxtapose an image extracted from an item of publicity material with another image extracted from elsewhere in the publicity materials, or with a printed phrase from the book underlying the subject film, to create a new composite work"; and (3) products "that each extend an image extracted from an item of publicity material into three dimensions." *Warner Bros.*, 644 F.3d at 602-03. We determined that while products in category one did not constitute copyright infringement, products falling into categories two and three did constitute copyright infringement. *Id.* We vacated the permanent injunction with respect to products in the first category and remanded the case to the district court. *Id.* at 604.

On remand, Warner requested statutory damages for its copyright claims, requested attorneys' fees, and moved for summary judgment on its trademark infringement and unfair competition claims. In its final order, the district court granted statutory damages under the Copyright Act in the amount of $10,000 per infringed copyright (257 copyrights for a total award of $2,570,000). The district court also granted summary judgment on both the trademark infringement and unfair competition claims, finding that Warner holds registered trademarks in words and phrases from the films and common law trademarks in the film characters. It issued a permanent injunction prohibiting AVELA from licensing any images or phrases from the films or cartoons, with the exception of exact reproductions of publicity materials in the public domain. In a separate order, the district court granted Warner's motion for attorneys' fees but ordered supplemental briefing regarding the amount. The amount of attorneys' fees remains undetermined. AVELA appeals the entry of the attorneys' fees, statutory damages, summary judgment, and permanent injunction.

## II. DISCUSSION

Although we do not have jurisdiction to hear the portion of the appeal relating to attorneys' fees, we have jurisdiction under 28 U.S.C. § 1291 to hear the remainder of the appeal. Because the amount of attorneys' fees remains unresolved, the order granting attorneys' fees is not final. *See Dieser v. Cont'l Cas. Co.*, 440 F.3d 920, 924 (8th Cir. 2006) ("Because the August 2004 order expressly left unresolved amounts of additional statutory penalties, pre-judgment interest and attorneys' fees and costs, and the March 2005 order called for further submissions from the parties to determine the method of calculation . . . these orders could not reasonably be believed to be final within the meaning of § 1291."). However, under the Supreme Court's "bright-line rule . . . that a decision on the merits is a 'final decision' for purposes of § 1291 whether or not there remains for adjudication a request for attorneys' fees attributable to the case," *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202-03 (1988), we have jurisdiction to hear the remainder of the appeal. *See Maristuen v. Nat'l States Ins. Co.*, 57 F.3d 673, 677-78 (8th Cir. 1995) (explaining that where a district court issues two separate judgments, one of which leaves attorneys' fees undetermined and one of which addresses the merits, *Budinich* controls and the court has jurisdiction over the merits appeal).

### A. Statutory Damages

AVELA argues that the district court violated its Seventh Amendment right to a jury trial by awarding statutory damages under the Copyright Act. AVELA alternatively contends that the amount of statutory damages does not comport with due process.

## 1. Seventh Amendment

AVELA raises for the first time on appeal the claim that the district court's failure to submit the question of damages to the jury violated the Seventh Amendment. We do not ordinarily "address issues that a party raises for the first time on appeal and failed to raise in the district court." *Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp.*, 380 F.3d 1084, 1096 (8th Cir. 2004). Although AVELA made a jury demand in its answer, it did not request a jury in its memorandum in opposition to Warner's damages request or otherwise object to the district court determining damages without a jury. Indeed, AVELA specifically suggested a damages amount to the district court in the event it granted Warner's request. Moreover, AVELA's motion to amend the judgment challenged the district court's decision as controverting the evidence and as inconsistent with this court's decision in the first appeal, not as violating the Seventh Amendment. Claiming that the amount of damages does not conform to statutory authority and a superior court's instruction is wholly distinct from claiming that the district court inappropriately structured the underlying proceeding. As a result, AVELA's Seventh Amendment claim is not properly before us, and we decline to consider it.

## 2. Due Process

AVELA alternatively argues that the $2,570,000 statutory damages award is disproportionate to the offense, insufficiently reasoned, and in violation of this court's ruling in the previous appeal. AVELA fails to establish that this is the case.

We review damages awarded under the Copyright Act for clear error. *Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430, 432 (8th Cir. 1992). "The Supreme Court long ago declared that damages awarded pursuant to a statute violate due process only if they are 'so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable.'" *Capitol Records, Inc.*

*v. Thomas-Rasset*, 692 F.3d 899, 907 (8th Cir. 2012) (quoting *St. Louis, I. M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 67 (1919)).

The district court's award of $10,000 per infringed work is not clearly erroneous. In *Capitol Records*, this court upheld a statutory damages award of $9,250 per infringed work (for a total of $222,000) as consistent with due process, emphasizing the intentionally discretionary nature of statutory damages. 692 F.3d at 907. Although "[t]he absolute amount of the award, not just the amount per violation, is relevant to whether the award is so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable," *id.* at 910 (quoting *Williams*, 251 U.S. at 67), the total award of $2.57 million in the present case is not obviously unreasonable. As the district court explained, "This case has had a tortured and laborious discovery history," in which AVELA's intransigence rendered calculating actual damages impossible due to missing or inaccurate records. Importantly, the district court noted that over the many years of litigation (now a decade), AVELA did not cease the infringing activity at any time. That the district court therefore considered a substantial damages award necessary to deter future infringement and provide sufficient restitution to the copyright holder is not clearly erroneous. *See F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 232-33 (1952). Additionally, while the total award in this case far exceeds the total award in *Capitol Records*, the defendant in that case was an individual sharing music files on a peer-to-peer network. *Capitol Records*, 692 F.3d at 901. AVELA's activities are far more extensive, and the amount awarded per infringed work is well within the statutory range of $750 to $30,000. 17 U.S.C. § 504(c)(1). As a result, the award in this case is not obviously unreasonable.[2]

---

[2]Although AVELA contends that the district court erred by failing to cite comparable damages awards from other cases, nothing in the applicable precedent requires the district court to justify its ruling in this manner. *See, e.g.*, *Capitol Records*, 692 F.3d at 906-10 (analyzing whether an award of statutory damages comported with due process without considering awards in other cases).

Finally, the statutory damages award does not contravene this court's decision in the prior appeal. The distinctions we drew between categories of activities that do and do not constitute copyright infringement, *see Warner Bros.*, 644 F.3d at 602-604, do not bear on how a court determines the appropriate amount of statutory damages for those activities that did constitute infringement. The Copyright Act structures awards of statutory damages on the basis of each copyrighted work infringed, not on the basis of each instance of infringement. *See* 17 U.S.C. § 504(c)(1) ("[T]he copyright owner may elect . . . to recover . . . an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just."). We affirmed in the prior appeal that AVELA infringed each of Warner's copyrights in *The Wizard of Oz*, *Gone With the Wind*, and *Tom and Jerry* cartoons in at least some respect. *See Warner Bros.*, 644 F.3d at 602-04. Accordingly, the district court did not contravene this court's decision by awarding damages on a per work basis.

### B. Trademark Infringement and Unfair Competition

The court reviews the district court's order granting summary judgment *de novo*. *Seymour v. City of Des Moines*, 519 F.3d 790, 795 (8th Cir. 2008); *Omni Behavioral Health v. Miller*, 285 F.3d 646, 650 (8th Cir. 2002). "Summary judgment is appropriate when the evidence viewed in the light most favorable to the nonmoving party presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Coates v. Powell*, 639 F.3d 471, 475 (8th Cir. 2011).

### 1. Judicial Admission and Judicial Estoppel

AVELA argues that Warner made a judicial admission that it would not need to pursue its trademark and unfair competition claims if it prevailed on its copyright claims. AVELA also maintains that judicial estoppel applies to this statement. After the district court granted summary judgment on Warner's copyright claims, Warner

stated the following in its memorandum in support of its claim for damages and request for entry of final judgment:

> If the grant of summary judgment on the copyright claim is appealed and subsequently affirmed by the appellate court, Plaintiffs will not need to pursue the other pending claims in the district court. A final judgment on the copyright claim in this case could prevent both this court and the appellate court from having to decide the remaining claims in Plaintiffs' complaint.

This statement does not constitute a judicial admission. A judicial admission is a formal admission before a court that "acts as a substitute for evidence in that it does away with the need for evidence in regard to the subject matter of the judicial admission." *State Farm Mut. Auto. Ins. Co. v. Worthington*, 405 F.2d 683, 686 (8th Cir. 1968). For that reason, "judicial admissions are binding for the purpose of the case in which the admissions are made including appeals." *State Farm*, 405 F.2d at 686. Warner's statement did not admit anything, much less anything of evidentiary value. Rather, it made a conditional prediction that *if* the district court rendered final judgment on its copyright claims and the Eighth Circuit affirmed that judgment, then it *could* prevent the courts from having to consider the trademark claims because Warner would not need to pursue them to obtain the relief it wanted. This does not admit anything or add evidentiary value. Accordingly, the doctrine of judicial admissions does not bar Warner's trademark claims.

Likewise, judicial estoppel does not apply. Judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000)). Judicial estoppel is based on three factors. "First, a party's later position must be 'clearly inconsistent' with its earlier position." *New Hampshire*, 532 U.S. at 750 (quoting *United States v. Hook*, 195 F.3d 299, 306 (7th Cir. 1999)). Second, the

party must have persuaded the court to accept the earlier position, and the court would appear to have been misled if the party is allowed to make the contradictory argument. *New Hampshire*, 532 U.S. at 750. Finally, "[a] third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 751.

Warner's statement does not fulfill these criteria. First, Warner's present position is not clearly inconsistent with its prior statement. Since Warner did not receive all the relief it wanted under copyright law, *see Warner*, 644 F.3d at 604 (reversing in part), it is not acting inconsistently by pursuing the rest of the relief it wanted under trademark law. Second, Warner's statement is not an argument it persuaded the district court to accept. The statement supplies a possible ancillary benefit of judgment in Warner's favor and by the statement's own terms depends on the actions of a court other than the one to which the statement was made. The district court could hardly have relied upon such a statement; indeed, the lower court's resulting order does not even mention it. Finally, Warner derives no unfair advantage and imparts no unfair detriment by pursuing its trademark claims. AVELA may not like Warner's trademark claims, but allowing them to proceed does not treat AVELA unfairly. On the contrary, dismissing Warner's trademark claims based on the statement in question would treat Warner unfairly by forcing it to adhere to a conditional prediction when the necessary condition did not occur. Accordingly, judicial estoppel does not apply.

### 2. Dastar Corp. v. Twentieth Century Fox Film Corp.

AVELA next contends that *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003), prevents Warner's trademark claims. In *Dastar*, the Supreme Court addressed a claim for trademark infringement under § 43(a) of the Lanham Act, which creates liability for the use of, *inter alia*, "any false designation of origin." *Id.* at 25, 30 n.4 (quoting 15 U.S.C. § 1125(a)(1)). Fox owned the copyright in the

television series "Crusade in Europe," which was based on General Eisenhower's book of the same name. Fox allowed the copyright to expire, but it later reacquired the television rights in Eisenhower's book, including the exclusive right to distribute the television series on video. Dastar released a video set called "World War II Campaigns in Europe," which incorporated the content of the Crusade television series with minimal modifications. Denying Fox's trademark claims, the Supreme Court determined that the term "origin" as used in § 43(a) "refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods. . . . To hold otherwise would be akin to finding that § 43(a) created a species of perpetual patent and copyright . . . ." *Dastar*, 539 U.S. at 37.

Warner's asserted trademarks in the characters from the films and cartoons do not run afoul of *Dastar*. The district court found and AVELA did not dispute that Warner holds registered trademarks in iconic phrases and names from the films and has used the character images for trademark purposes on a host of consumer goods for many years. Images of the film actors in character and signature phrases from the films are not communications, concepts, or ideas that the consumer goods embody as *Dastar* defines these terms. Products marketed under AVELA's licenses employ iconic film characters' pictures to associate the products with Warner's films, not to copy the film itself. Accordingly, these are trademark claims, not disguised copyright claims, and *Dastar* does not bar them.

*3. Functionality and Fair Use*

AVELA further contends that Warner cannot maintain a viable trademark claim because either (1) the key elements of the trademark are functional, or (2) AVELA's use of the trademarks constitutes fair use. However, AVELA has waived these defenses.

-10-

Fed. R. Civ. P. 8(c) provides that a party must affirmatively plead affirmative defenses. While failure to plead an affirmative defense is not necessarily fatal in all circumstances, the affirmative defense must at least be raised before the trial court. *United States ex rel. Kraxberger v. Kansas City Power and Light Co.*, 756 F.3d 1075, 1082 (8th Cir. 2014) (explaining that "technical failure to comply with Rule 8(c) is not fatal" when the defense "is raised *in the trial court* in a manner that does not result in unfair surprise") (quotations omitted) (emphasis added). Trademark fair use is an affirmative defense. 15 U.S.C. § 1115(b)(4); *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 118 (2004). Likewise, functionality is an affirmative defense. 15 U.S.C. § 1115(b)(8). However, AVELA did not raise either functionality or trademark fair use at all in the trial court. While AVELA did assert copyright fair use as an affirmative defense, trademark fair use and copyright fair use are distinct defenses for distinct claims. These defenses derive from wholly separate statutory provisions, which are constructed differently and formulated specifically for each respective subject area. *Compare* 15 U.S.C. § 1115(b)(4) (trademark fair use under the Lanham Act) *with* 17 U.S.C. § 107 (copyright fair use under the Copyright Act). Neither functionality nor trademark fair use appear in any of AVELA's pleadings or in its motion for summary judgment. Accordingly, AVELA has waived these defenses.

### 4. Likelihood of Confusion

AVELA also contends that summary judgment was erroneously granted because "the likelihood of confusion factors are quintessential jury questions." On the contrary, district courts can and have decided likelihood of confusion by both bench trials and summary judgment. *See, e.g.*, *Kemp v. Bumble Bee Seafoods, Inc.*, 398 F.3d 1049, 1053-54 (8th Cir. 2005) (reviewing district court's application of likelihood of confusion factors at bench trial for clear error); *Davis v. Walt Disney Co.*, 430 F.3d 901, 902-03 (8th Cir. 2005) (reviewing district court's determination of likelihood of

confusion on summary judgment). Accordingly, the likelihood of confusion does not always require a jury trial.

Moreover, on the merits, the district court did not err by rendering summary judgment on the likelihood of confusion. Although this court reviews likelihood of confusion on summary judgment *de novo*, "[f]actual disputes regarding a single factor are insufficient to support the reversal of summary judgment unless they tilt the entire balance in favor of such a finding." *Davis*, 430 F.3d at 903 (quoting *Duluth News-Tribune v. Mesabi Publ'g Co.*, 84 F.3d 1093, 1096 (8th Cir. 1996)). Likelihood of confusion turns on six factors:

> 1) the strength of the plaintiff's mark; 2) the similarity between the plaintiff's and defendant's marks; 3) the degree to which the allegedly infringing product competes with the plaintiff's goods; 4) the alleged infringer's intent to confuse the public; 5) the degree of care reasonably expected of potential customers, and 6) evidence of actual confusion.

*Davis*, 430 F.3d at 903 (citing *SquirtCo v. Seven-Up Co.*, 628 F.2d 1086, 1091 (8th Cir. 1980)). AVELA challenges the strength of the marks and actual confusion. AVELA's argument regarding strength of the marks is largely self-defeating, asserting that the film titles and images are descriptive because they "immediately alert the purchaser to the nature of the product, *i.e.*, that it is from" Warner's films. This aptly describes a strong trademark, immediately associating the product with Warner. Additionally, "actual confusion is not essential to a finding of trademark infringement," but it is a kind of proof a court may consider. *SquirtCo.*, 628 F.2d at 1091. Given the strength of the other factors the district court considered to weigh in favor of Warner,[3] the lack of evidence of actual confusion does not even approach

---

[3]The district court found that the marks are strong given the films' popularity over sixty years, that AVELA engages in direct competition using identical marks, and that consumers cannot distinguish between Warner's products and AVELA's products by taking reasonable care. AVELA has not raised anything else to dispute

"tilt[ing] the entire balance in favor" of reversal. *Davis*, 430 F.3d at 903. As a result, the district court did not err by rendering summary judgment.

## 5. Permanent Injunction

Next, AVELA contends that the permanent injunction violates Federal Rules of Civil Procedure 52(a)(2) and 65(d). AVELA raises this issue for the first time on appeal despite an extensive opportunity to raise the issue before the district court. The district court entered its original judgment on March 31, 2014. Warner filed a motion to amend the judgment, and in its June 2014 memorandum in opposition, AVELA proposed an alternative amended judgment that provided injunctive relief with the same generality as the district court's final order in October 2015. Accordingly, AVELA not only was well-aware of the injunction's generality for over a year and failed to challenge it, but also would have agreed to a judgment with the same failings it now tries to challenge. Therefore, in accordance with *International Brotherhood of Electric Workers*, 380 F.3d at 1096 (8th Cir. 2004), we will "not address issues that a party raises for the first time on appeal and failed to raise in the district court." *Id.*

Alternatively, AVELA contends that Warner did not show success on the merits or a threat of irreparable harm. AVELA bases the former argument solely on its arguments on the merits of the trademark claims and the possibility that this court may agree with them. Since we addressed these arguments above and did not agree with them, Warner has shown success on the merits. AVELA's argument on the threat of irreparable harm consists only of the undeveloped statement that no evidence shows a threat of irreparable harm. However, a finding that likelihood of confusion exists results in a presumption that a threat of irreparable harm exists. *See Calvin Klein Cosmetics Corp. v. Lenox Laboratories, Inc.*, 815 F.2d 500, 505 (8th Cir. 1987); *Black Hills Jewelry Mfg. Co. v. Gold Rush, Inc.,* 633 F.2d 746, 753–54 (8th Cir. 1980)

---

these findings.

(holding that a finding of "tendency to deceive"—synonymous with "likely to confuse" under 15 U.S.C. § 1125(a)—demonstrates irreparable harm). As a result, we reject AVELA's arguments against the permanent injunction.

*6. Consistency with Prior Appeal*

Finally, AVELA argues that the district court acted inconsistently with this court's ruling in the prior appeal by granting relief on the trademark and unfair competition claims without considering the category of products we deemed not to infringe Warner's copyrights. This contention conflates copyright law with trademark law. Copyright law and trademark law are distinct from each other, as AVELA admits in its *Dastar* argument. As a result, an action that does not infringe a copyrights may still infringe a trademark. Therefore, whether the products in question infringed Warner's copyrights has no bearing on whether the products infringe Warner's trademarks. Even if they did, the final injunction made an exception for the reproduction of publicity materials in the public domain in their entirety and without alteration. Accordingly, the district court's order is not inconsistent with our prior holding.

## III. CONCLUSION

For the foregoing reasons, we affirm the district court's grant of statutory damages, summary judgment, and permanent injunction.

_____